## 49979. STANFORD v. THE STATE.

Marshall, Judge.

This is an appeal from a verdict of guilty on two counts on charges of the unlawful sale of drugs.

Although the appellant enumerated other errors, the main issue urged by the appellant is whether or not the trial court should have required the state to disclose the identity of the state's informer.

An indictment was returned by the Fulton County grand jury containing three counts charging appellant with the unlawful sale of drugs to one Lorenzo Freeman, a narcotics detective with the Atlanta Police Department, on three separate occasions. After pleading not guilty, appellant waived trial by jury and was tried by the judge in Fulton Superior Court. Two witnesses testified, the aforesaid Lorenzo Freeman and the appellant. On motion by the state during the trial, the court dismissed Count 1 of the indictment. At the close of the evidence, and after argument by counsel, appellant was found guilty on Counts 2 and 3 by the court.

The only witness for the state was Lorenzo Freeman, who testified that on September 26, 1973, he went to 350 Lanier Street, Apartment 6, Building C, Atlanta, in Fulton County, Georgia, and that he was accompanied by an informer, who introduced appellant to Freeman as "Bernard." There was another person present, who was not introduced, and, who was, in fact, inside the apartment. The transaction took place at the door, the informer telling "Bernard" what Freeman wanted to purchase. Freeman had inquired about the purchase of ten tablets of THC, and appellant then told Freeman that the price was $2 per tablet, or a total of $20. Freeman indicated that the price was agreeable and appellant retrieved the drugs from the rear of the apartment and delivered them to Freeman who in return handed appellant a $20 bill. Freeman returned to the police station and delivered the drugs to a detective there. Freeman further testified that on September 27, 1973, he returned alone to the same address and asked appellant for fifteen tablets of THC and about two ounces of marijuana. Appellant produced the drugs and received

money in return in the amount of $60. Freeman again returned to the police station and delivered the drugs to a detective on duty. On September 28, 1973, Freeman testified that he again returned to the same address, and, as before, purchased drugs from appellant, he being alone on this third occasion. The appellant delivered the drugs to him and received the money from Freeman in return. Freeman returned to the police station and delivered the drugs to a detective. The state also introduced into evidence the drugs together with the crime laboratory reports identifying the drugs, which were admitted without objection by appellant, appellant having stipulated to the chain of custody. The report stated that what appellant had sold to Freeman was phencyclidine (PCP) and not THC as Freeman had expected.

When appellant's counsel sought to ascertain the identity of the confidential informer who divulged the information to the police concerning appellant's clandestine enterprise, on motion of the state, the court dismissed Count 1, which dealt with the only occasion on which the alleged confidential informer was present during the transaction in question.

Throughout the trial the defendant tried to learn the identity of the informer. Defendant urges the following facts with reference to his contention that the state should have been required to disclose the identity of the informer: the informer introduced the agent, Freeman, to a man named "Bernard." The informer was present when the alleged purchase was made; the informer took him to the apartment where the transaction is alleged to have occurred; the informer was there to make the defendant or whoever feel familiar and give the atmosphere of confidence; the informer apparently was not very friendly with "Bernard"; in addition to "Bernard" another black male was present. Defendant did not live at the address in question; the alleged transaction occurred while the seller was standing behind metal bars with a square in the center of the door about six inches in diameter; the person from whom the agent made the first purchase was also the same person from whom the second and third purchases were made. The defendant was arrested by another police officer more than one month after the alleged transaction.

The same apartment where the transactions were allegedly made was the scene of numerous investigations and arrests of other black males. The agent did not know appellant's name until the date of his arrest, November 30, 1973, even though the indictment was returned as a true bill on November 30, 1973. Even though the alleged transaction on September 27th was under surveillance, the surveilling officers could not see the transaction. Nowhere in the arrest report on subject case was there a physical description of the man from whom the purchases were made, this applying to the transaction of September 23, 1973, also. During the time that these transactions were made, the seller was on the inside behind a cast iron black metal door, and the agent was on the outside, the drugs were passed "through this little hole in the door." Throughout the trial appellant denied he knew Lorenzo Freeman, the agent and the state's sole witness, and denied that he had ever seen him before and ever sold him anything.

Appellant enumerates six errors in his brief. *Held:*

1. We will deal with the first two enumerations of error together since they both go to the contention of the appellant that the court erred in not requiring the state to reveal the identity of the informer.

The state is generally accorded the privilege of not disclosing its sources of information in criminal cases. This privilege has been recognized by this court and by other courts. Code § 38-1102; *Pass v. State,* 227 Ga. 730 (4) (182 SE2d 779); *Morgan v. State,* 211 Ga. 172 (3) (84 SE2d 365); *Anderson v. State,* 72 Ga. App. 487 (34 SE2d 110); McCray v. Illinois, 386 U. S. 300 (87 SC 1056, 18 LE2d 62) (1966). This privilege is grounded in a sound public policy which recognizes the need for such informants in the enforcement of the criminal laws and the further consideration that revelation of the identity of an informer destroys his usefulness for any other cases.

The courts have often denied such a privilege, however, where on balance the defendant's need for the information which can be provided by the informer outweighs the importance to the state of protecting its flow of information. There is no fixed rule. The problem requires a balancing of opposing interests on a case-by-

case basis. Roviaro v. United States, 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1957); *Morrison v. State,* 129 Ga. App. 553 (5) (200 SE2d 286).

In those cases where the courts have ordered disclosure of the identity of the informer, a distinction had been drawn between an informer who was a "decoy" and an informer who was a "mere informer." This distinction was first recognized by this court in *Crosby v. State,* 90 Ga. App. 63 (82 SE2d 38). This case has been consistently followed in this state and was cited with approval by the U. S. Supreme Court in Roviaro v. United States, supra.

When the trial court dismissed Count 1 of the indictment in the case sub judice, any basis for requiring the revelation of the informer was removed.

We, therefore, hold that there is no merit to appellant's first and second enumerations of error.

2. In the third enumeration of error appellant contends that the trial court erred in not dismissing Counts 2 and 3 of the indictment and as his reason therefor urges that the withholding of the identity of the informer, under the authority of Roviaro v. United States, supra, requires that the action be dismissed.

For the reasons stated in Division 1 of this opinion we conclude that under the facts of the case sub judice, appellant was not entitled to know the identity of the informer, and for this reason, there is no merit to appellant's third enumeration of error. Each of the three counts in the indictment were based on separate transactions, and the record clearly shows that the informer was not present on the two occasions on which Counts 2 and 3 of the indictment were based.

3. In the fourth enumeration of error appellant contends that the trial court erred in denying the defendant the right to cross examination of the informer. This is basically the same contention of the appellant expressed in the first and second enumerations of error, and there is no merit to this enumeration of error for the reason stated in Division 1 of this opinion.

4. In the fifth enumeration of error appellant contends that the trial court erred in not dismissing Count 2 and Count 3 of the indictment on the same grounds as the court dismissed Count 1. This enumeration of error is

the same as the third enumeration of error which was discussed in the second division of this opinion. There is no merit to this enumeration of error.

5.   In his sixth enumeration of error appellant contends that the court erred in not directing a verdict of not guilty on Count 2 of the indictment as all evidence elicited thereunto dealt with THC and not PCP as charged in said count. There is no merit to this enumeration of error. The state's witness, Freeman, testified that he went to the Lanier Street address and bought what he thought was THC. However, the State Crime Laboratory analysis reveals that the tablets bought on this occasion were actually PCP. And this drug is that which the appellant is charged in Count 2 with selling. The appellant stipulated to the chain of custody and the laboratory report concluding that the tablets in question were actually PCP is sufficient to support the verdict of guilty as to Count 2. The court did not err in failing to direct a verdict of acquittal as to Count 2 of the indictment.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED JANUARY 6, 1975 — DECIDED FEBRUARY 20, 1975.

*Murray M. Silver,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye, Assistant District Attorney,* for appellee.

