### A98A0833. HARVEY v. THE STATE.
(500 SE2d 916)

BEASLEY, Judge.

Harvey appeals his conviction of sale of cocaine. OCGA § 16-13-30. He enumerates as error the trial court's refusal to order the State to reveal the identity of a confidential informant and its failure to conduct an in-camera hearing to determine whether the informant's testimony would aid the defense.

The State's case against Harvey was built on the testimony of an undercover narcotics agent. At the motion hearing and trial, he testified that he instructed the informant to offer to transact a drug purchase for $210. The informant later advised the agent that he had told Harvey that he wanted to buy crack cocaine for the specified sum, and Harvey agreed to sell it to him. The informant telephoned Harvey while the agent was present, and a drug buy between the informant and Harvey was arranged at a location chosen by the

agent. Prior to the buy, the agent thoroughly searched the informant's vehicle and strip-searched the informant to ensure that he was not in possession of any contraband or any money other than official governmental funds.

The agent followed the informant to the designated location, and numerous other agents were present in the area. While the transaction took place, the agent was parked in a car 30 to 40 feet from the informant's vehicle. At all times, the informant remained in the agent's view. He and other agents electronically monitored the conversation between the informant and Harvey through a listening device. The agent described at the motion hearing the subject of the conversation as drug purchase, although he did not recall the exact words spoken.

The agent was not in a position to see the actual transfer of drugs from Harvey to informant, but the informant gave a prearranged signal of completion about two to three minutes after Harvey entered the informant's vehicle. As other agents moved in to arrest Harvey, the agent observed Harvey drop the government funds onto the floorboard, and he saw crack cocaine on the center console.

In Harvey's motion to reveal the informant's identity, he alleged that the informant had acted to entrap him. This defense was abandoned and, at trial, defense witnesses testified that Harvey has a small business selling designer clothes and would not deal in drugs. They explained that on this occasion Harvey was meeting the informant to help change a flat tire, collect a debt, and sell him clothing. When asked why Harvey did not have any such clothing in his possession, he answered that he had accidentally left the clothes elsewhere.

In *Roviaro v. United States*,[1] the United States Supreme Court held that where a criminal defendant seeks disclosure of the identity of a confidential informant, the trial court must "balance 'the public interest in protecting the flow of information against the individual's right to prepare his defense.' [Cit.]"[2]

" 'After noting that both *Brady v. Maryland*, 373 U. S. 83[, 87] (83 SC 1194, 10 LE2d 215) (1962), and *Roviaro* had a common basis of "fundamental fairness to the accused," the court [in *Thornton v. State*, 238 Ga. 160, 162 (231 SE2d 729) (1977)] concluded that they must be read together where the question is disclosure of the identity of an informer-witness or informer-participant "if material to the defense on the issue of guilt or punishment." (Cit.) If such an informer's identity is required to be disclosed under *Brady*, the trial

---

[1] 353 U. S. 53 (77 SC 623, 1 LE2d 639) (1956).

[2] *Moore v. State*, 187 Ga. App. 387, 389 (2) (370 SE2d 511) (1988).

court must then apply the *Roviaro* balancing test. (Cit.)' *Moore*, supra at 389, citing extensively *Thornton*, supra."[3]

"In determining if the [confidential informant's] identity should be revealed by the State, the trial court must conduct a two-step hearing. Initially, the trial court should hear evidence to determine: (a) that the confidential informant is an alleged informer-witness or informer-participant whose testimony appears to be material to the defense on the issue of guilt or punishment; (b) that the testimony for the prosecution and the defense is or will be in conflict; and (c) that the [confidential informant] was the only available witness who could amplify or contradict the testimony of these witnesses."[4] "The movant must establish the relevance, materiality, and necessity of the identity of the informant as a predicate for disclosure. [Cits.]"[5] "Once this threshold has been met, the trial court must conduct an in camera hearing of the CI's testimony under the mandates set forth in *Thornton*, supra, and *Moore*, supra."[6]

Since Harvey's informant was an informer-witness, the first question is whether his testimony appears material to the defense. It does not. The State's evidence indisputably showed that crack cocaine was found in the informant's vehicle after Harvey was there. The only testimony materially beneficial to Harvey would have been an admission by the informant that the cocaine was his and did not come from Harvey. What had transpired beforehand and common sense exclude any realistic possibility that the informant would be compelled to so testify.[7]

Disclosure of the confidential informant's identity was not required. As a result, an in-camera hearing was unnecessary.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED APRIL 2, 1998.

*Deville, Milhollin & Voyles, Roman A. Deville, Justin J. Wyatt,* for appellant.

Corey B. Harvey, *pro se.*

*Thomas J. Charron, District Attorney, Debra H. Bernes, Bruce D. Hornbuckle, Nancy I. Jordan, Assistant District Attorneys,* for appellee.

---

[3] *Bannister v. State*, 202 Ga. App. 762, 763 (1) (415 SE2d 912) (1992).
[4] (Emphasis omitted.) *Grant v. State*, 230 Ga. App. 330, 331 (496 SE2d 325) (1998).
[5] *Leonard v. State*, 228 Ga. App. 792, 794 (492 SE2d 747) (1997).
[6] *Grant*, supra.
[7] *Walton v. State*, 194 Ga. App. 490, 491 (1) (390 SE2d 896) (1990).