## A00A1604. CHOAT v. THE STATE.
(540 SE2d 289)

SMITH, Presiding Judge.

Ronald O. Choat was indicted by a Floyd County grand jury for the offenses of kidnapping, false imprisonment, aggravated assault, and two counts of terroristic threats. The trial court directed a verdict as to one count of terroristic threats, and a jury acquitted Choat of kidnapping but convicted him of the remaining charges. Choat's motion for new trial was denied, and he appeals, contending the trial court erred in failing to grant his multiple motions for continuance, in failing to grant his motion to dismiss several charges, and in failing to redact sua sponte certain police comments and questions from Choat's recorded statement. Finding no error, we affirm.

1. Choat moved for a continuance on three different occasions during the trial, asserting that he wanted a new attorney, that two witnesses had not been subpoenaed, and that his attorney was unprepared for trial. His sole argument on this point is that "the combination of these three reasons did necessitate the granting of his

motions for continuance."[1] We disagree.

> Motions for continuance based on insufficient time to hire or substitute counsel are addressed to the sound discretion of the trial judge, and the trial judge's ruling will not be overturned absent an abuse of discretion. In addition, the trial judge may consider the conduct of a party in order to prevent a party from using the discharge and employment of counsel as a dilatory tactic. The party requesting the continuance must show that he exercised due diligence.

(Citations and footnotes omitted.) *Bearden v. State*, 241 Ga. App. 842, 844 (3) (528 SE2d 275) (2000). When the trial began on August 30, 1999, Choat's trial counsel had been representing him since May, and the notice of trial had been sent 28 days earlier. On the Friday before trial, at the calendar call, the trial court informed both the State and Choat that the trial would begin on Monday morning. But it was not until court was in session that morning and his counsel had already announced ready that Choat approached the bench pro se and announced that he wanted a continuance "to get another lawyer." Under these circumstances, we cannot say that the trial court erred in denying a continuance for Choat to obtain new counsel on the morning of trial. Id. at 845.

On the second day of trial, Choat suddenly informed his counsel that his brother Travis Choat and another man, Johnny McLemore, were material witnesses. He asked that they be subpoenaed and requested a continuance for that reason. The trial court ruled, "Okay. I'll let you get Travis Choat. You can go ahead and send for him." But the court refused to grant a continuance with respect to McLemore, stating, "I won't grant a continuance for somebody who we don't know what he's going to say."

Choat did not show that the witnesses had been subpoenaed, that they lived within 100 miles of the court, or that they would be available at the next term of court, as required by OCGA § 17-8-25. We therefore cannot say the trial court abused its discretion in denying the motion for continuance. *Redd v. State*, 222 Ga. App. 595 (1) (474 SE2d 651) (1996). Moreover, because both witnesses in fact appeared and testified, this ground for a continuance is moot.

Finally, after Choat's counsel had moved for dismissal of several of the charges and had moved for redaction of portions of Choat's statement to police, Choat again asked for a continuance on the ground that his attorney was not prepared for trial. The trial court

---

[1] We note, however, that "[t]he cumulative error doctrine is not recognized in Georgia. [Cit.]" *Johnson v. State*, 236 Ga. App. 61, 66 (3) (e) (510 SE2d 918) (1999).

questioned both counsel and Choat individually regarding Choat's contentions and concluded:

> When I talked with you . . . yesterday . . . you made these same motions for a continuance so you can employ a lawyer. You said you want to get the same lawyer that had talked with your brother. I addressed that at the time. Today, you've made another motion for a continuance saying that you want another lawyer . . . that Mr. Wyatt's not properly prepared. I have heard Mr. Wyatt and I've heard you, and I believe Mr. Wyatt. He is properly prepared and we're going forward with your case.

"[T]he grant or denial of a motion for continuance is within the sound discretion of the trial court, OCGA § 17-8-22, and will not be disturbed absent a showing of abuse of that discretion. [Cit.]" *Robinson v. State*, 202 Ga. App. 576, 577 (2) (a) (415 SE2d 21) (1992). At the time of its ruling, the trial court had had the opportunity to observe Choat's counsel select a jury and make several motions on his behalf, including a detailed and thorough motion to redact numerous portions of Choat's statement to the police. Thereafter, counsel vigorously cross-examined the State's witnesses, including the victim, moved for directed verdict on several specific grounds, and called and examined three witnesses who supported Choat's account of the incident.[2] Under these circumstances, we cannot say that the trial court abused its discretion in denying Choat's motion for continuance.

2. Choat asserts that the trial court should have dismissed the aggravated assault and terroristic threats charges in the indictment because, when questioned by police, he was informed only that they were investigating charges of kidnapping and false imprisonment, as demonstrated by his waiver of rights form. Choat relies on *Gainer v. State*, 144 Ga. App. 703 (242 SE2d 286) (1978); that decision, however, does not deal with the dismissal of an indictment but with an attempt to suppress a confession on the ground that the appellant was not advised of the nature of the offense prior to questioning. This court held:

> The fact that the State did not show that the defendant prior to making said statements had been apprised by the interrogating officers of the nature of the investigation and its possible consequences and the full facts and circumstances surrounding the homicide did not affect the admissibility or

---

[2] We also note that trial counsel prepared Choat's brief on appeal.

> voluntary character of the statements made by the defendant. These were circumstances to be taken into consideration by the jury in weighing the admissions under the provisions of Code § 38-420 [(OCGA § 24-3-53)].

(Citations and punctuation omitted.) Id. at 706 (2). And nothing in *Gainer* or similar decisions, see *Mungin v. State*, 183 Ga. App. 290, 291 (1) (358 SE2d 673) (1987), suggests that dismissal of the indictment is an appropriate remedy in such circumstances.

3. Finally, Choat complains that the trial court erred in failing to redact a police officer's statement during his interview at the police department: "I know from the past with you, you've got a temper and sometimes you can't control it." Choat contends this statement impermissibly placed his character in evidence by suggesting a criminal history and that he has a bad temper.

Before trial, Choat's counsel moved to redact several portions of the interview. The trial court granted his motion in several respects, including part but not all of the exchange that contained the statement of which he now complains. Choat later sought to restore other portions of the interview as to which he successfully obtained redaction. But he did not move to redact, or does not now complain of, numerous other portions of the interview in which both Choat's temper and his previous acquaintance with the interviewing officer were mentioned. For example, Choat himself originally raised the issue of his temper, denying that he had threatened the victim and stating, "but arguing, you — you're willing to say anything, really . . . when you're mad, I mean, if you're really mad." He also acknowledged that he had "yanked the telephones out of the wall" and that there was "screaming and hollering," although he characterized his behavior as "just a regular argument . . . over a little bitty old deal." As a whole, the burden of Choat's statement to the police was that his temper, in the course of an argument with the victim, caused him to say things he did not mean. Other unobjected-to discussions of his temper and previous acquaintance with this officer include the officer's comment earlier in the interview, "Just pitched one of them fits that you used to pitch when you was younger, didn't you?"

The statement that the officer knew Choat does not, in and of itself, place his character in evidence by raising an inference that Choat is a malefactor or criminal. *Maldonado v. State*, 240 Ga. App. 497 (2) (523 SE2d 917) (1999) (knew defendant " 'very well' "); *Childs v. State*, 202 Ga. App. 488, 489-490 (2) (414 SE2d 714) (1992) ("had known appellant for a long time"). And, assuming without deciding that a comment on a defendant's "temper" places his character in evidence, see *Willingham v. State*, 169 Ga. 142, 143 (6) (149 SE 887) (1929) (" 'high temper' "), the comment enumerated as error is merely

cumulative of other evidence of Choat's temper that was admitted without objection or is not raised as error on appeal. The admission of cumulative evidence is harmless. See *Flowers v. State*, 181 Ga. App. 572 (2) (353 SE2d 69) (1987).

*Judgment affirmed. Johnson, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 10, 2000 —
RECONSIDERATION DENIED OCTOBER 24, 2000.

*James C. Wyatt*, for appellant.

*Tambra P. Colston, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.