## A00A2189. TURNER v. THE STATE.
(544 SE2d 765)

JOHNSON, Presiding Judge.

A jury found Jamie Turner guilty of possession of cocaine with intent to distribute. He challenges the conviction, contending that the trial court erred in denying his motion for a directed verdict of acquittal, denying his motion to reveal the identity of a confidential informant, denying his motion to suppress, denying his motion for a continuance so he could retain counsel of his own choosing, denying his motion for a mistrial after a police officer testified to what the informant told him, and overruling his objection to the prosecutor's reference to him as a "drug dealer" in closing argument. Because each of these challenges is without merit, we affirm his conviction.

Viewing the evidence in a light most favorable to support the verdict, the evidence shows that a confidential informant advised a police officer that he could buy cocaine from Turner at Turner's home. The officer arranged for the informant to conduct two controlled purchases of cocaine from Turner's home. After the purchases took place, the officer filed an affidavit with the magistrate and obtained a warrant to search the premises.

On the day the warrant was executed, Turner's girlfriend had dropped off the couple's infant for him to watch, Turner's father had left for work, and Turner's father's girlfriend had left the home and was visiting a neighbor. The police officers opened the front door and

---

[11] See *Hendricks v. Enterprise Financial Corp.*, 199 Ga. App. 577, 579-580 (2) (405 SE2d 566) (1991).

walked into the living room. They saw Turner and his girlfriend, who had just returned minutes earlier, standing in front of the living room sofa. The infant was sleeping on the sofa. No one else was in the house. The officer told Turner that he had a warrant to search the premises for cocaine. Turner told the officers, "[Y]ou all came too early, the Force Boys were going to deliver some, but they won't now. There ain't nothing here. I can help you all. I do know who has some right now." According to the officer, the "Force Boys" is a group known for trafficking in cocaine. While searching the living room, one of the officers looked beneath the seat cushion upon which the infant had been sleeping and found a plastic bag containing 22 small bags of crack cocaine. The officer showed it to the other officers. Turner remarked, "[Y]ou've got me, but [my girlfriend] didn't do it." The state also introduced similar transaction evidence showing that in 1991 Turner pled guilty to a charge of possession of cocaine with intent to distribute.

1. Turner's claim that he was entitled to a directed verdict of acquittal because other people had been in the house earlier that day and had equal access to the premises is without merit.

Under the equal access rule, the mere fact that contraband is found on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime.[1] Whether evidence of equal access is sufficient to rebut the inference that the defendant possessed the contraband is a question for the jury.[2] Generally, a directed verdict of acquittal should be granted only where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law.[3]

In this case, the jury was thoroughly instructed on the law regarding equal access and also on the law concerning sole and joint possession. It was not required to believe Turner's testimony that he did not place the cocaine under the seat cushion. The jury was entitled to conclude that Turner, at the very least, was in joint possession of the drugs found in his home, right next to where he was standing, and underneath the infant for whom he was caring.[4] This is particularly true given his admission that the officers "got" him, his statement that his girlfriend did not do anything, and his prior conviction for possession with intent to distribute cocaine. The trial court did not err in denying his motion for a directed verdict of acquittal.

2. Turner contends the trial court erred in not revealing the

---

[1] *Tran v. State*, 246 Ga. App. 153, 159 (6) (539 SE2d 862) (2000).

[2] Id.

[3] *Murray v. State*, 203 Ga. App. 858, 864 (7) (418 SE2d 624) (1992).

[4] See *Tran*, supra; *Kahn v. State*, 235 Ga. App. 229, 231 (1) (b) (509 SE2d 137) (1998).

identity of the confidential informant. There was no error.

At the outset, we point out that public policy in Georgia favors nondisclosure of an informant's identity.[5] Indeed, OCGA §§ 24-9-21 (4) and 24-9-27 (d) prohibit disclosure of the identity of a confidential informant who was not an eyewitness to the offense being prosecuted, although the informant may have seen the defendant in possession of the contraband at an earlier time, but did not participate in the offense.[6]

In determining if the informant's identity should be revealed by the state, the trial court must conduct a two-step hearing.[7] Initially, the trial court should hear evidence to determine: (a) that the confidential informant is an alleged informer-witness or informer-participant whose testimony appears to be material to the defense on the issue of guilt or punishment; (b) that the testimony for the prosecution and the defense is or will be in conflict; and (c) that the confidential informant was the only available witness who could amplify or contradict the testimony of these witnesses.[8] The defendant must establish the relevance and materiality of the testimony and the necessity of disclosing the identity of the informant.[9] Once this threshold has been met, the trial court must conduct an in camera hearing of the informant's testimony and balance the public interest in protecting the flow of information against the defendant's right to prepare his defense.[10]

Turner was indicted for possessing with intent to distribute the cocaine found in his living room. He was not charged with selling cocaine to the confidential informant. The informant was not present during the search and arrest and was neither a participant in nor a witness to the specific offense with which Turner was charged. His testimony would not have been material to the issue of Turner's guilt or punishment. Thus, the threshold requirements of the first step of the inquiry were not met, and the trial court did not err in refusing to require the state to reveal the informant's identity.

3. The trial court did not err in denying Turner's motion for a mistrial based on the police officer's testimony that the confidential informant bought cocaine from Turner inside his home twice before the search warrant was obtained. According to Turner, this testimony should not have been admitted because the officer did not go inside the home and knew what happened based only on hearsay. No

---

[5] *Roden v. State*, 181 Ga. App. 287, 290 (1) (351 SE2d 713) (1986) (physical precedent only).

[6] *Leonard v. State*, 228 Ga. App. 792, 794 (2) (492 SE2d 747) (1997).

[7] *Harvey v. State*, 232 Ga. App. 21, 23 (500 SE2d 916) (1998).

[8] Id.

[9] Id.

[10] Id.; see *Ivory v. State*, 234 Ga. App. 858, 860 (2) (508 SE2d 421) (1998).

mistrial was required.

At trial, the officer testified that on two occasions the confidential informant was searched to make sure he had no drugs or money, was given funds, and was watched as he walked to the front door of Turner's home. The officer saw the informant meet Turner at the door and go inside. On both occasions, the informant stayed about five minutes, then returned directly to the car, and handed the officer cocaine which, according to the officer, the informant had purchased from Turner. Defense counsel objected, and the jury was removed from the courtroom. Turner moved for a mistrial, arguing that the testimony was hearsay, that he did not know the informant's identity, and that he was not able to cross-examine the nontestifying informant. The trial court denied Turner's motion for a mistrial, but told counsel that he would instruct the officer not to comment about what happened inside the residence, as he was not a witness to that.

When the jurors came back in, the trial court instructed them that hearsay is inadmissible, that they should strike from their recollection the officer's statement that the informant bought cocaine from Turner inside the residence, and that Turner is being tried only for the charge contained in the indictment, namely, possession of cocaine with intent to distribute. Turner claims the curative instruction was insufficient and argues that a mistrial was required.

Under the circumstances, we fail to see any harm. The officer testified, without objection, that he checked the informant beforehand, watched him meet Turner at the door, go into and come out of Turner's home, and met him when he returned with cocaine. Given that testimony and the trial court's instruction to the jury to ignore the officer's statement regarding what happened inside the house, it is not likely that the officer's statement that the informant bought the drugs from Turner contributed to the verdict. Reversal is not required.[11]

4. The trial court did not err in denying Turner's motion to suppress an oral statement he allegedly made to police and all physical evidence seized from his residence. According to Turner, suppression was required because the search warrant was based solely on the word of a confidential informant and was therefore illegal.

In making a determination as to whether there is probable cause necessary to support the issuance of a warrant, the task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of the person supplying hear-

---

[11] See generally *Brinson v. State*, 268 Ga. 227, 228 (2) (486 SE2d 830) (1997); *Jackson v. State*, 217 Ga. App. 485, 489 (4) (c) (458 SE2d 153) (1995) (physical precedent only); *Nelson v. State*, 197 Ga. App. 898, 900 (2) (399 SE2d 748) (1990).

say information, there is a fair probability that contraband or evidence of a crime will be found at a particular place.[12] The task of a reviewing court is to determine if there is substantial evidence in the record to support the magistrate's issuance of the warrant.[13]

In his affidavit in support of the search warrant, the police officer states that he has known the informant for about one year and that the informant has been responsible for the seizure of about ten grams of cocaine and the arrest of about three felony suspects. The officer further states that within the last 72 hours, he met with the informant, searched him, gave him money, watched him as he went into Turner's residence, watched him leave a short while later, and was handed the cocaine by the informant when he left the residence. The officer adds that the informant told him that there was more cocaine in the residence and that it was for sale.

There was sufficient information in the affidavit to establish probable cause for the warrant. The affiant included facts showing the informant's reliability. And, even if the informant had no known credibility, the controlled buy conducted under the observation of the officer, alone, would have been sufficient to establish probable cause.[14] The trial court did not err in denying the motion to suppress.

5. The trial court did not improperly deny Turner's request for a continuance so that he could hire an attorney to replace his court-appointed trial counsel.

The record shows that before July 10, 1995, Turner announced that he was ready to proceed with trial. On July 10, Turner requested a continuance because he needed more time to prepare for trial. The trial court denied the motion. When the case was called for trial on July 11, 1995, Turner again asked for a continuance, this time so that he could hire retained counsel. He added, "I ain't saying [the court-appointed attorney] is no bad lawyer or anything, but I just want to get one to represent me now." Turner told the court that the reason he had not retained a private attorney in the nearly 12 months since he was charged was that the investigating police officer had told him that the case would never go to trial. The trial court pointed out that Turner was arraigned two months earlier, that he knew at least by then that the case was going to trial, that the jury had been waiting two days to try the case, and that, until now, Turner had said nothing about wanting to hire another attorney. After noting the significant actions taken by and numerous motions made by appointed counsel on Turner's behalf, the trial court denied the motion for a continuance.

---

[12] *Lewis v. State*, 234 Ga. App. 873, 874-875 (1) (a) (508 SE2d 218) (1998).
[13] Id.
[14] Id. at 875; *Brown v. State*, 244 Ga. App. 440, 442 (1) (535 SE2d 785) (2000).

Motions for continuance based on insufficient time to hire or substitute trial counsel are addressed to the sound discretion of the trial court, and the trial court's ruling will not be reversed absent an abuse of discretion.[15] The trial court may consider the conduct of a party in order to prevent a party from using the employment of counsel as a dilatory tactic.[16] The party requesting the continuance must show that he exercised due diligence.[17] We cannot say that the trial court abused its discretion in denying Turner's motion for a continuance.[18]

6. Turner complains that the trial court should have sustained his objection to the prosecutor's reference to him in his closing argument as a "drug dealer." He contends that no admissible evidence showed that he was selling drugs, and he was not charged here with selling drugs. This enumeration presents no grounds for reversal.

In closing argument, the prosecutor remarked that undercover operations are necessary "to catch drug dealers. This is a drug dealer." Defense counsel objected, arguing that Turner was not charged with selling drugs. The trial court noted that wide latitude is given during closing, overruled the objection, then instructed the jury to recall the evidence and consider the indictment during deliberations.

While counsel should not be permitted in argument to state facts which are not in evidence, it is permissible to draw inferences from the evidence, and the fact that the deductions may be illogical, unreasonable, or even absurd is a matter which may be addressed by opposing counsel in his or her closing argument.[19] Although he was not charged with selling drugs, given Turner's prior conviction of possession of cocaine with intent to distribute and the amount and packaging of the cocaine found in this case, it clearly could have been inferred that Turner was dealing drugs.[20] Even so, the trial court reminded the jury of the evidence and the indictment. This enumeration is without merit.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 1, 2001.

*Wayne L. Burnaine*, for appellant.

---

[15] *Choat v. State*, 246 Ga. App. 475, 476 (1) (540 SE2d 289) (2000).
[16] Id.
[17] Id.
[18] See *Sanders v. State*, 245 Ga. App. 701, 702 (1) (538 SE2d 772) (2000).
[19] See *Ward v. State*, 193 Ga. App. 137, 140 (5) (387 SE2d 150) (1989).
[20] Id.

*Daniel J. Porter, District Attorney, David K. Keeton, Assistant District Attorney*, for appellee.