## A03A0466. BLANCE v. THE STATE.
### (582 SE2d 191)

SMITH, Chief Judge.

James Edward Blance was indicted on three counts of financial transaction card theft. A jury found him guilty of all three counts, and his amended motion for new trial was denied. He appeals, raising challenges to the sufficiency of the evidence, the trial court's denial of his motion to suppress, and the trial court's failure to grant his motion for mistrial. We find no error, and we affirm the judgment of conviction entered on the jury's verdict.

1. Blance challenges the sufficiency of the evidence. On appeal of a criminal conviction, the evidence must be viewed in a light most favorable to the jury's verdict. *Smith v. State*, 257 Ga. App. 595 (571 SE2d 817) (2002). So construed, the evidence presented at trial showed that while waiting for a table at a crowded restaurant, the victim and her family sat at the bar. The victim placed her handbag on the stool next to hers and covered it with her jacket. She observed a man sitting near her. A bench in the lobby became available, and the victim and her family moved away from the bar. The victim then observed three boys join the man at the bar. When the victim sought to retrieve a toy for her son from her handbag, she discovered that it was missing. She notified the hostess that her purse, containing three credit cards, had been taken and asked her to call the police. The victim described her bag as black with a brown handle worn on the shoulder.

A restaurant patron noticed two young boys coming and going from the dining room to the lobby. She thought it was odd that the younger of the boys, who was five or six, was carrying a shoulder bag. This witness saw the two boys whispering to each other. She remembered that she had seen the boys with a man in the bar but did not see the man well enough to identify him. Another patron saw the boys "running and pushing" through the crowd and also thought it was strange that the younger boy was carrying a large handbag. She watched the boys run from the restroom area out to the parking lot with the bag and return to the restaurant without it. This patron overheard some talk about a stolen purse and described the one she

had seen the boy carrying. The victim identified it from the description as hers.

The restaurant's manager intervened and was directed to the men's bathroom. Once there, he observed a closed stall with three pairs of feet visible under the door. When the stall door opened, an adult man and two children, who he estimated were approximately seven and thirteen, emerged. The manager asked them about the handbag, and the man denied having it.

When police officers arrived at the restaurant they spoke to the victim and several witnesses. They searched both inside and outside the restaurant. Because Blance's children had been identified by witnesses as possibly involved, one officer spoke with Blance, who was in the dining room with his wife and children. Blance denied any knowledge of the theft. When Blance and his family left the restaurant, the police observed that the children matched the description given by witnesses of those having had the handbag.

The officers noticed that Blance's vehicle had a Tennessee license plate, and since the restaurant was very close to Interstate 85, they feared that if Blance left he would be lost to them forever. They therefore decided to stop Blance's vehicle as it was leaving the parking lot. Blance's wife was driving the car, and Blance was in the front passenger seat. A third officer arrived and searched the car, finding a large tied plastic garbage bag in the back seat. When asked about the bag, Blance told the officers that it contained "dog food and diapers." When the police opened the bag, they found a handbag, which Blance told them belonged to his wife. But when opened, the bag revealed the victim's handbag, including her credit cards. Blance was arrested for theft by taking. On the way to the jail, he volunteered that he did not know the credit cards were in the purse and that he was holding the purse for the reward.

Blance contends the evidence was insufficient to authorize the jury to find him guilty of three counts of financial transaction card theft. He argues that the essential element of knowledge was not shown. We do not agree.

In evaluating the sufficiency of evidence, the standard is that set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979): whether a rational jury could have found Blance guilty beyond a reasonable doubt. In applying this standard, we view the evidence presented at trial in the light most favorable to the verdict. *Dean v. State*, 273 Ga. 806, 807 (1) (546 SE2d 499) (2001).

Here, the State showed that Blance was near the victim at the bar when she set her handbag down, that his sons were moving rapidly through the crowd and one of them was carrying a purse, that the boys ran into the parking lot, and that two of Blance's sons were with him in a bathroom stall after the purse was discovered missing.

The victim's handbag containing the three credit cards was found in a plastic bag in Blance's car. Blance lied about the contents of the plastic bag in his car, but he later made a voluntary statement while being transported that showed he was aware he had the bag.

From this evidence, the jury could infer that even if his sons took the victim's handbag, Blance was aware of it, hid the bag, or even directed the theft. This evidence was sufficient to authorize the jury to find Blance guilty of the charged crimes.

2. Blance maintains that the trial court erred in denying his motion to suppress. Blance moved to suppress the victim's handbag that was found in the plastic bag in his car on the ground that the search of his vehicle was improper because the police officers did not have probable cause. The trial court ruled not only that probable cause existed, but that Blance had no standing to challenge the search because the car was titled in his wife's name.

We note initially that the State concedes on appeal that Blance had standing to raise this issue. We need not reach the issue of standing, however, because we conclude that the officers had probable cause to search the car.

> [G]enerally, searches conducted without a warrant are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions. Among these exceptions is the automobile exception set forth by the United States Supreme Court in *Carroll v. United States*[, 267 U. S. 132 (45 SC 280, 69 LE 543) (1925)]. This exception allows a warrantless search whenever (1) probable cause to believe that the automobile contains contraband or evidence of a crime conjoins with (2) exigent circumstances making the warrant procedure impractical and causing the resort to an immediate warrantless search to be reasonable and necessary.

(Citation, punctuation and footnotes omitted.) *Stinson v. State*, 254 Ga. App. 810, 811-812 (1) (564 SE2d 39) (2002). When determining whether probable cause exists to believe the vehicle contains contraband, the court looks to the totality of the circumstances including, but not limited to, information obtained by officers conducting a common investigation. *State v. Estrado*, 170 Ga. App. 889, 890-891 (2) (318 SE2d 505) (1984).

Here, Blance's car was moving out of the parking lot when stopped. The car had out-of-state license plates, leading the officers to believe that the contraband, if not the car, would be impossible to find if they waited. Several witnesses had informed the officers that they saw a purse matching the description of that of the victim in the

possession of one of Blance's sons, who left the restaurant with the purse and returned without it. The manager of the restaurant saw Blance and two of his sons huddling in a bathroom stall together. The restaurant had been searched without success, and the officers noted a large plastic bag in the back of Blance's car. Based on the totality of the circumstances, the officers reasonably believed that they would find contraband in Blance's car. They were therefore authorized to search the car and its contents, including the tied-up plastic bag. *Boggs v. State*, 194 Ga. App. 264, 265 (390 SE2d 423) (1990) (probable cause to believe contraband in car authorized search of its contents, including locked strongbox).

3. Blance asserts that the trial court erred in denying his motion for a mistrial. The motion was made when one of the officers testified about the statement made by Blance in the patrol car after his arrest. Both officers testified that Blance was not given *Miranda* warnings because he was not interrogated in the patrol car but was asked only routine questions to complete the report, such as his telephone number. Both officers testified that Blance volunteered that he did not know the credit cards were inside the handbag and that he was holding the bag for the reward.

The second officer who testified added that Blance also said: "I guess you've got me now." Blance objected immediately and moved for a mistrial on the ground that this statement was inadmissible because it did not appear in the officers' report and had not been mentioned at the *Jackson-Denno* hearing. The trial court denied the motion for mistrial but gave the jury a curative instruction, telling the jurors to disregard the officer's testimony regarding Blance's statement that "you've got me now." We must presume that the jurors followed the trial court's instruction and disregarded the inadmissible statement. *Johns v. State*, 274 Ga. 23, 25 (3) (549 SE2d 68) (2001). But even if they did not disregard it, the statement itself was harmless because it was cumulative of Blance's prior statements that he did not know the purse contained the credit cards and that he was holding the purse for a reward, which at least implied that he had taken the purse. "The admission of cumulative evidence is harmless. [Cit.]" *Choat v. State*, 246 Ga. App. 475, 479 (3) (540 SE2d 289) (2000).

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED MAY 12, 2003.

*Stuckey & Manheimer, Stephanie S. Benfield*, for appellant.

*Daniel J. Porter, District Attorney, Mary E. Leonard, Assistant District Attorney,* for appellee.