A03A2527. CAMPBELL v. THE STATE.
(589 SE2d 313)

ANDREWS, Presiding Judge.

A jury found Melissa Campbell guilty of trafficking in methamphetamine and possession with intent to distribute cocaine. Campbell appeals, claiming the trial court erred in denying her motion to suppress the evidence seized at her apartment because the affidavit submitted in support of the search warrant was insufficient. We disagree and affirm.

When reviewing a motion to suppress, we construe the evidence most favorably to uphold the findings and judgment of the trial court, and the court's findings on disputed facts and witness credibility will be adopted unless they are clearly erroneous. *Redd v. State*, 229 Ga. App. 364, 365 (494 SE2d 31) (1997). "[W]here the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts

is subject to de novo appellate review." *Vansant v. State*, 264 Ga. 319, 320 (443 SE2d 474) (1994).

At the hearing on the motion to suppress, Officer Rose, the officer who obtained the search warrant, testified that she first learned about Campbell when she got a phone call from a confidential informant stating that someone named Melissa had sold the informant drugs. After some investigation, the officer identified Campbell, located her apartment, and set up a controlled drug buy with this confidential informant. Before making the buy, the informant was searched, given $250 and driven to Campbell's apartment. The officer watched the informant enter the apartment and saw the informant come out. The informant gave the officer a pink, sealed bag which appeared to contain methamphetamine. The informant was searched again after leaving Campbell's apartment and no money or other contraband was found.

Officer Rose set up a second drug buy with the same confidential informant and another informant. Both informants were searched, as was their car. They were given $200 and Rose followed them to Campbell's apartment. Rose watched while one of the men went into the apartment and came out a short time later and turned over ten pills of suspected MDMA.

Officer Rose then applied for a search warrant for Campbell's apartment. Rose stated that she testified before the magistrate as to the facts surrounding the case, including details of the two controlled drug buys. In the affidavit, Rose described the second controlled buy at Campbell's apartment.

> In making a determination as to whether there is probable cause necessary to support the issuance of a warrant, the task of the issuing magistrate is simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit, including the veracity and basis of knowledge of the person supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found at a particular place. The task of a reviewing court is to determine if there is substantial evidence in the record to support the magistrate's issuance of the warrant.

(Footnote omitted.) *Turner v. State*, 247 Ga. App. 775, 778-779 (544 SE2d 765) (2001). In *Turner*, the affiant met with the informant, searched him, gave him money, watched him enter and leave the defendant's residence, and was handed the cocaine by the informant as he came out of the residence. Id. at 779. This Court held that "even if the informant had no known credibility, the controlled buy con-

ducted under the observation of the officer, alone, would have been sufficient to establish probable cause." Id. Accord *Starks v. State*, 240 Ga. App. 346, 348 (523 SE2d 397) (1999); *Lewis v. State*, 234 Ga. App. 873, 875 (508 SE2d 218) (1998).

*Fiallo v. State*, 240 Ga. App. 278 (523 SE2d 355) (1999), relied on by Campbell to support her argument, is not to the contrary. In *Fiallo*, the affidavit stated only that the "Confidential Informant made a purchase of cocaine . . . within the past 72 hours for Affiant." Id. The affidavit did not state that the confidential informant made a "controlled buy" where the informant was searched before and after the buy and also where the officer accompanies the informant to the buy and monitors the informant at all times, as in the instant case.

Moreover, Rose's failure to state in the affidavit that the confidential informants had pending criminal cases does not require a different result. An officer should provide this information to the magistrate, but failure to do so does not automatically warrant suppression of evidence. *Brown v. State*, 244 Ga. App. 440, 441-442 (535 SE2d 785) (2000).

> If any omissions on the part of the officer are offset by independent corroboration of criminal activity, then the magistrate may still have sufficient information to find that probable cause exists. . . . Under the "common sense" approach to search warrants, this controlled buy strongly corroborated the reliability of the informant and showed a fair probability that contraband would be found in the apartment.

Id. at 442.

Likewise, in the instant case, the affidavit was based on the controlled buy monitored by the officer. Accordingly, we conclude that the magistrate had sufficient information to establish probable cause. It follows that the trial court did not err in denying Campbell's motion to suppress.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED OCTOBER 23, 2003.

*Mary Erickson*, for appellant.

*Patrick H. Head, District Attorney, Amy H. McChesney, Andrew J. Saliba, Assistant District Attorneys*, for appellee.