A90A2097. DALE v. THE STATE.
(402 SE2d 90)

CARLEY, Judge.

Appellant was tried before a jury and found guilty of trafficking in cocaine. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's verdict of guilt.

1. Contrary to appellant's assertion, there is no requirement that the trial court summon additional prospective jurors in panels of 12. "If, for any reason, after striking from the panel there remain less than 12 qualified jurors to try the case, the presiding judge shall summon *such numbers* of persons who are competent jurors *as may be necessary* to provide a full panel." (Emphasis supplied.) OCGA § 15-12-160. The procedure that was employed by the trial court in the selection of appellant's jury has long been authorized by law. See *Bird v. State*, 14 Ga. 43, 52 (2) (1853).

2. Appellant moved for a continuance based upon the absence of his neighbor, who had been subpoenaed as a witness for the defense. The denial of this motion is enumerated as error.

Although the witness had been subpoenaed by appellant, she was hostile to the defense. According to appellant, the absent subpoenaed witness was the true owner of the contraband and she had "set him up." However, the witness had apparently never been interviewed and it was conceded that, if she testified, she undoubtedly would not exonerate appellant by accepting inculpatory responsibility. There was no showing that the witness would be present by the next term of court. Under these circumstances, it was not an abuse of discretion to deny appellant's motion for a continuance. *Brock v. State*, 177 Ga. App. 430 (339 SE2d 403) (1986). Moreover, appellant testified in his own defense and inculpated the absent witness. Accordingly, the refusal to continue the trial in order that appellant could produce a witness who presumably would have impeached rather than corroborated his exculpatory testimony was not harmful.

3. Cocaine and $1,400 in cash were discovered in a search of appellant's home which was conducted pursuant to a warrant. Appellant moved to suppress this evidence on the ground that the warrant had

been issued without probable cause. The denial of this motion is enumerated as error.

The warrant was issued based upon an affidavit wherein an officer averred that, after having been informed of the presence of cocaine in appellant's home, he then used the informant to make a purchase of cocaine from appellant at that location. The trial court correctly ruled that, under "the totality of the circumstances," the affidavit provided the issuing magistrate with a substantial basis for concluding that probable cause existed. The facts recited in the affidavit indicate that the affiant received a tip, the reliability of which he then corroborated by having the informant actually enter appellant's house and return with drugs. These facts demonstrate a " 'fair probability that contraband or evidence of a crime will be found in a particular place.' [Cit.]" *State v. Stephens*, 252 Ga. 181, 184 (311 SE2d 823) (1984). The only requirement is that the affidavit demonstrate the existence of probable cause to issue a search warrant. It is not necessary that the affidavit show the existence of appellant's guilt beyond a reasonable doubt.

4. At the hearing on the motion to suppress, there was no evidence that the affidavit upon which the search warrant was issued contained deliberate falsehoods or had been made with reckless disregard for the truth or that the affiant had consciously omitted material information which, if it had been included in the affidavit, would have been indicative of the absence of probable cause. See *Ferrell v. State*, 198 Ga. App. 270 (1) (401 SE2d 301) (1991); *Amerson v. State*, 177 Ga. App. 97, 100 (5) (338 SE2d 528) (1985). Compare *Redding v. State*, 192 Ga. App. 87 (383 SE2d 640) (1989); *Daniels v. State*, 183 Ga. App. 651 (359 SE2d 735) (1987).

5. The cocaine was discovered in a box in a locked closet in appellant's home. Appellant was permitted to testify that the box belonged to his neighbor, that he had understood that it contained her personal effects, that he had permitted his neighbor to store the box at his home temporarily, and that he had no knowledge that the box contained contraband. "In view of this, the argument by [appellant's] counsel that he was prevented from introducing evidence to explain [appellant's] conduct and ascertain motives pursuant to [OCGA § 24-3-2] is without merit." *Humphries v. State*, 154 Ga. App. 596 (1) (269 SE2d 90) (1980). See also *Brown v. State*, 179 Ga. App. 280 (346 SE2d 85) (1986).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 4, 1991.

*Mary E. Erickson*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Alfred D.*

*Dixon, Carl P. Greenberg, George J. Robinson, Jr., Assistant District Attorneys*, for appellee.