A99A1946. HOUSTON v. THE STATE.
(527 SE2d 619)

MILLER, Judge.

Police executed a search warrant of Robert Lee Houston's residence and discovered 470 grams of cocaine, more than $109,000 in

cash, and a handgun. Houston moved to suppress the evidence on the ground that the search warrant lacked probable cause. He argued that the underlying affidavit contained misstatements and omitted material facts. After an evidentiary hearing, the trial court denied the motion, and Houston was convicted of trafficking in cocaine and possession of a firearm by a convicted felon. Houston appeals the denial of his motion to suppress. Because evidence supported the trial court's findings that the misstatements and omissions were immaterial, we affirm.

1. Once an accused files a motion to suppress, the State bears the burden of proving the lawfulness of the warrant.[1] The trial court's duty is to ensure that the magistrate had a substantial basis for concluding that probable cause existed.[2] In doing so, the trial court must pay substantial deference to the magistrate's finding of probable cause.[3] On appeal, we construe the evidence in favor of the trial court's findings, which we will not disturb if there is any evidence to support them.[4]

The underlying affidavit stated that police arrested a suspect with 86 hits of cocaine and a handgun. The suspect stated that he could have cocaine delivered to anywhere in Atlanta by paging Houston. Police listened to the suspect call Houston, who stated he would have to go home first to pick up the drugs. Houston delivered the drugs to an Atlanta location as promised. Upon his arrest, Houston gave a false address to police, but further investigation revealed his true residence in DeKalb County. Based on a previous conviction of possession of cocaine with intent to distribute, police knew Houston to have used his house as a stash house for additional drugs.

Finding probable cause, the magistrate issued a warrant to search the DeKalb address. Because the affiant officer confirmed all these facts at the motion to suppress hearing, the trial court had ample reason to uphold the magistrate's finding of probable cause.

Houston contended, however, that the affidavit contained two false statements and omitted two material facts. He urged that if the false statements were excluded and the omitted material included, the affidavit would be insufficient to establish probable cause.[5] Houston bore the burden of showing not only that the false and omitted information was material to the determination of probable cause but that any false information given or material information omitted was

---

[1] *Davis v. State*, 266 Ga. 212, 213 (465 SE2d 438) (1996).

[2] *Rushing v. State*, 271 Ga. 102, 104 (1) (515 SE2d 607) (1999).

[3] Id.

[4] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994); see *Rushing*, supra, 271 Ga. at 104 (applying the "clearly erroneous" standard).

[5] See *Redding v. State*, 192 Ga. App. 87, 88 (383 SE2d 640) (1989).

done so for the purpose of misleading the magistrate.[6]

Evidence supported the trial court's finding that Houston did not make these showings. The first alleged false statement by the affiant officer was that the suspect identified Houston as "Robert Lee Houston," when in fact the officer admitted at the hearing that the suspect identified him only as "Robert Lee." This statement was hardly material, as the other information contained in the affidavit (including Houston's personal delivery of the cocaine) established that the person being paged was Robert Lee Houston. The second alleged false statement was that Houston gave police an incorrect address. Yet at the hearing Houston testified that he gave police the false address.

The first alleged omission was that the affidavit failed to mention that police had obtained a warrant from an Atlanta municipal judge to search the false Fulton County address and found nothing. This fact seems hardly relevant in determining whether the DeKalb magistrate had reason to find probable cause to search the true DeKalb residence. Moreover, Houston presented no evidence that the omission was intended to mislead the DeKalb magistrate. The second alleged omission was that the affidavit failed to state the basis for determining the correct DeKalb address. Once again Houston failed to show any evidence that this omission was intended to mislead the magistrate.

Finally, even assuming the omissions were relevant and intentionally left out to mislead the magistrate, revising the affidavit so as to include the omissions would not lead to a lack of probable cause.[7] The fact that police first searched the false address adds nothing to the analysis. Including the information that the police determined the correct address through a conversation with Houston's sister at the false address and through physically going to the DeKalb address and talking to Houston's brother (who stated that Houston resided there with him) would only add credence to the affidavit and give more, not less, reason to find probable cause to search the residence.

The trial court did not err in upholding the magistrate's finding of probable cause.

2. Houston contends that the court erred in excluding, on grounds of relevancy, two pieces of his evidence at the motion to suppress hearing. Whether to admit or exclude evidence on grounds of relevancy rests within the sound discretion of the trial court, which we will not disturb absent manifest abuse.[8]

We discern no abuse here. The first piece of evidence was testi-

---

[6] *Bickley v. State*, 227 Ga. App. 413, 414 (1) (a) (489 SE2d 167) (1997); *Ferrell v. State*, 198 Ga. App. 270 (1) (401 SE2d 301) (1991).

[7] See *Redding*, supra, 192 Ga. App. at 88.

[8] *Morris v. State*, 239 Ga. App. 100, 103 (3) (520 SE2d 485) (1999).

mony from the Atlanta municipal judge as to the origin of certain handwritten statements contained in the margin of the affidavit underlying the Atlanta warrant, which statements confirmed that Houston provided a false address to police orally and by providing false identification. Not only would statements on the Atlanta affidavit have little to do with the validity of the DeKalb affidavit, but they would also confirm the information contained in the DeKalb affidavit. The second piece of evidence was testimony from Houston's sister living at the Fulton address that she never told police Houston's correct DeKalb address. As admitted by Houston in his appellate brief, this information would have "no direct bearing" on the determination of probable cause. The DeKalb affidavit did not reference the conversation with the sister, and before the officer executed the affidavit he spoke with the brother living at the DeKalb address and confirmed that Houston lived there.[9]

The court did not abuse its discretion in excluding this evidence on grounds of relevancy.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 11, 2000 —
RECONSIDERATION DENIED JANUARY 31, 2000 — 

*King, King & Jones, David H. Jones,* for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney,* for appellee.

---

[9] Cf. *Ivory v. State,* 199 Ga. App. 283, 284 (3) (405 SE2d 90) (1991).