A00A2168. ROBERSON v. THE STATE.
(540 SE2d 688)

MIKELL, Judge.

Roosevelt Roberson was indicted by a Richmond County grand jury on the offenses of possession of marijuana with intent to distribute, manufacturing marijuana, and possession of a firearm by a convicted felon. After the trial court denied his motion to suppress, Roberson waived his right to a jury trial. At the close of the bench trial, Roberson was convicted of the two drug offenses and was acquitted of the firearm offense. Roberson appeals. We affirm.

Viewed in the light most favorable to support the verdict, the evi-

dence shows that, on May 14, 1999, narcotics officers with the Richmond County Sheriff's Department obtained a search warrant for Roberson's residence. The officers conducted surveillance of the residence for approximately 30 minutes, until Roberson arrived. They detained Roberson and searched his truck, finding marijuana.

Next, the officers searched Roberson's mobile home and lot. They found 25 marijuana plants growing inside a storage shed on the property. They also found a heat lamp, fertilizer, potting soil, and several buckets of water near the plants. The officers recovered 14 bags of marijuana in a footlocker buried under the defendant's mobile home. Further search yielded a buried safe containing over $27,000 in cash. Lieutenant Clark Hiebert of the Jefferson County Sheriff's Department and the Augusta Drug Enforcement Agency Task Force testified that he discovered two additional bags of marijuana hidden under a loose board beneath the trailer. A forensic drug chemist with the Georgia Bureau of Investigation testified that the total weight of the packaged marijuana was approximately ten pounds.

The officers also found several weapons, as well as two 2-way radios and $495 in cash, inside the mobile home in the room Roberson identified as his bedroom. Investigator Barry Davis testified that the bedroom contained male clothing and "paper work with [Roberson's] name on it in the dresser."

1. Roberson enumerates as error the denial of his motion to suppress, arguing that no probable cause existed for the issuance of the search warrant.

On appeal, we pay substantial deference to the decision of the magistrate to issue the warrant and construe the evidence in favor of the trial court's determination that probable cause existed.[1] In *Mitchell v. State*,[2] we enumerated three principles to guide appellate courts in reviewing a trial court's ruling on a motion to suppress evidence seized during the execution of a search warrant:

> First, the trial judge sits as the trier of facts, and his findings are analogous to a jury verdict and should not be disturbed if there is any evidence to support the findings. Second, the trial court's decisions on the credibility of witnesses and questions of fact must be accepted unless clearly erroneous. Third, the appellate court must construe the evidence

---

[1] *DeYoung v. State*, 268 Ga. 780, 787 (7) (493 SE2d 157) (1997); *Houston v. State*, 242 Ga. App. 114, 115 (1) (527 SE2d 619) (2000); *Pettus v. State*, 237 Ga. App. 143, 144 (2) (514 SE2d 901) (1999); *Hayes v. State*, 182 Ga. App. 319, 320 (355 SE2d 700) (1987).

[2] 239 Ga. App. 735 (521 SE2d 873) (1999).

most favorably to the upholding of the trial court's findings and judgments.[3]

So viewed, the evidence shows that Investigator Davis presented a sworn affidavit to the magistrate in order to obtain the search warrant. In the affidavit, Investigator Davis stated that he had been contacted within the previous forty-eight hours by a confidential informant, that he had known the informant for two years, and that the informant had provided information regarding Roberson which had been corroborated by independent investigation. Investigator Davis also stated in his affidavit that the informant had observed a large amount of marijuana being stored by the defendant at the residence and had observed weapons on the property.

In addition, Investigator Davis testified at the suppression hearing that he provided oral testimony to the magistrate in support of the warrant. According to Investigator Davis, he did not include certain information in the written affidavit in an effort to protect the identity of the informant. The oral testimony provided the magistrate with the following information: that the informant had been to the defendant's residence within the previous two days; that law enforcement officers had observed the informant meeting with Roberson; that the informant believed that marijuana was buried under the mobile home; and that Investigator Davis had successfully relied upon information from that particular informant in the past. Investigator Davis further testified that, as a result of cooperation with law enforcement, the informant was given consideration by the district attorney's office regarding criminal charges pending against him.

In determining whether an affidavit provided probable cause for the issuance of a search warrant, the Supreme Court in *Illinois v. Gates*[4] adopted the totality of the circumstances test, which was subsequently adopted by the Supreme Court of Georgia in *State v. Stephens*.[5] Under this analysis,

[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that

---

[3] (Citations omitted.) Id.
[4] 462 U. S. 213 (103 SC 2317, 76 LE2d 527) (1983).
[5] 252 Ga. 181, 182 (311 SE2d 823) (1984).

the magistrate had a substantial basis for concluding that probable cause existed.[6]

We have since held that oral testimony may be considered in support of the issuance of a warrant, in addition to information presented by affidavit.[7]

Roberson contends that the magistrate did not possess sufficient information to determine the reliability of the confidential informant, because Investigator Davis failed to disclose the charges pending against the informant or the favorable treatment he received in exchange for his cooperation.

We conclude, however, that under the totality of the circumstances, the information in the affidavit, as well as that presented orally, provided a substantial basis for the magistrate's finding of probable cause. The information presented to the magistrate allowed him to gauge independently the reliability of both the informant and the information.[8] While Investigator Davis's statement that the informant was reliable, standing alone, cannot provide a substantial basis for probable cause, the magistrate could determine the informant's reliability through other indicia.[9] Specifically, Investigator Davis swore that the informant had provided information in the past which led to seizures, arrests, and convictions; that the informant had provided the information at issue within two days prior to the application for a warrant; and that the informant had been on the defendant's premises within the past few days.[10] The record is unclear as to whether the informant visited the defendant two days prior to the application for the warrant or two days prior to his telling the officer about the contraband. This is an example of the type of ambiguity which should be resolved by drawing all inferences in favor of supporting the magistrate's decision rather than undoing it.

While the better practice would have been for Investigator Davis to provide the magistrate with all of the information he possessed regarding the informant's reliability, the lack of specificity about the informant's pending criminal charges was offset by the other indicia of the informant's reliability.[11] Additionally, "[b]ecause of the Fourth Amendment's strong preference for searches conducted pursuant to a

---

[6] (Citation and punctuation omitted.) Id. at 182.

[7] *York v. State*, 242 Ga. App. 281, 293 (7) (528 SE2d 823) (2000); *Pettus*, supra, 237 Ga. App. at 144 (2); *Gibson v. State*, 223 Ga. App. 103, 104 (2) (476 SE2d 863) (1996).

[8] See *Clark v. State*, 235 Ga. App. 569, 570 (1) (510 SE2d 319) (1998). See also *Sawyer v. State*, 227 Ga. App. 493, 494 (2) (489 SE2d 518) (1997).

[9] See *Branton v. State*, 240 Ga. App. 106, 107 (522 SE2d 694) (1999).

[10] See *Kessler v. State*, 221 Ga. App. 368, 370 (471 SE2d 313) (1996).

[11] See *Clark v. State*, 243 Ga. App. 362 (532 SE2d 481) (2000); *Mitchell*, supra, 239 Ga. App. at 736-737. Compare *Robertson v. State*, 236 Ga. App. 68, 70 (510 SE2d 914) (1999).

warrant, the resolution of close questions . . . should favor validating the warrant."[12] Therefore, the trial court properly denied the motion to suppress and admitted the evidence obtained in the search.

2. Next, Roberson contends that there was insufficient evidence to sustain his conviction. On appeal, Roberson no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to support the verdict.[13] Our review is limited to determining whether any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt.[14]

We conclude that the evidence adduced at trial amply supports Roberson's conviction of possession of marijuana with intent to distribute and of manufacturing marijuana.[15]

The defendant contends that he was merely in the vicinity of the contraband, and that the state failed to establish possession. Contrary to Roberson's argument, however, the evidence sustained the court's determination that he was in possession of marijuana. First, Investigator Davis testified that Roberson indicated that he occupied the master bedroom of the home where the drugs and money were found. Further, the officers observed documents belonging to Roberson in the dresser drawers. Significantly, the defense did not present any evidence to establish or even to suggest that another individual resided in the home or had equal access to the contraband.[16]

Furthermore, the requisite finding of possession is also supported by the testimony of Investigator Davis regarding the tip from the confidential informant. According to Investigator Davis, the informant reported that Roberson had buried marijuana under his home, and that he was growing marijuana on his property. This report was corroborated upon the execution of the search warrant for Roberson's residence.

Roberson's intent to distribute the drug was evidenced by the large quantity of marijuana divided into individual packages, the 25 marijuana plants, and the large amount of cash discovered by law enforcement officers.[17] Similarly, his conviction for manufacturing marijuana was supported by evidence of the plants, heat lamps, fertilizer, and potting soil.

3. Finally, Roberson argues that the trial court improperly restricted his cross-examination of Investigator Davis by refusing to

---

[12] *Branton*, supra, 240 Ga. App. at 108.

[13] *Paul v. State*, 231 Ga. App. 528 (499 SE2d 914) (1998).

[14] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Williams v. State*, 233 Ga. App. 217 (1) (504 SE2d 53) (1998).

[15] OCGA § 16-13-30 (b).

[16] See *Brown v. State*, 244 Ga. App. 440, 442 (2) (535 SE2d 785) (2000).

[17] See *Gremillion v. State*, 233 Ga. App. 393, 396-397 (3) (504 SE2d 265) (1998). Compare *Parris v. State*, 226 Ga. App. 854, 856 (487 SE2d 690) (1997).

allow questions regarding the specific charges pending against the confidential informant.

It is well settled that the admission of evidence at trial is within the discretion of the trial court.[18]

> Although each party is entitled to a thorough and sifting cross-examination, that right is not unfettered. The trial court may, in its discretion, restrict the scope of cross-examination to the relevant issues. The court's discretion will not be interfered with on appeal unless abuse is present.[19]

In *Gremillion v. State*,[20] we concluded that a trial court did not abuse its discretion when it limited a defendant's cross-examination of a police officer because the answers could have revealed the identity of a confidential informant. In *Gremillion*, as in the case sub judice, the trial court did not completely restrict cross-examination concerning the informant's reliability and veracity; rather, it carefully protected the identity of the informant.

Here, the court permitted defense counsel to elicit testimony regarding the informant's motivation for providing information. Specifically, the defense was allowed to ask Investigator Davis whether charges were pending against the informant and whether any of the charges had been dismissed as a result of the informant's cooperation with law enforcement. The defense also inquired into the fact that the informant had provided information to the authorities in the past and into his reliability. Because the trial court allowed the defense to probe the veracity of the informant, we conclude that it did not abuse its discretion in limiting the cross-examination of Investigator Davis.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED OCTOBER 24, 2000.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.

---

[18] *Sweeney v. State*, 233 Ga. App. 862, 866 (6) (506 SE2d 150) (1998); *Murray v. State*, 219 Ga. App. 405, 407 (465 SE2d 515) (1995).
[19] (Citations omitted.) Id. at 407.
[20] Supra, 233 Ga. App. 393.