## A05A0492. THE STATE v. CONLEY.
### (616 SE2d 174)

BARNES, Judge.

The State appeals from the trial court's order granting William Conley's motion to suppress in a case charging him with reckless driving, driving with a suspended license, and driving under the influence (less safe). The State asserts the trial court erred by: (1) granting the motion to suppress on a ground not asserted by Conley; and (2) finding that the "collective knowledge" of the police[1] did not authorize the officer's stop of Conley. Because we find the trial court improperly reached this issue, we reverse.

The record shows that Conley's motion to suppress asserted that he was under arrest and entitled to *Miranda* warnings before field sobriety tests were administered. In his motion, Conley admits "[t]he stop and detention of Defendant was made with articulable suspicion. . . ." At the beginning of the hearing on the motion to suppress, the court summarized the issues presented by the motion to suppress to include "articulable suspicion for the initial detention stop." The State objected to this characterization and Conley's counsel acknowledged that "part of the thrust of the motion is we agree that it was a legitimate stop and that, therefore, at the time of the stop the Defendant was under arrest. . . ." After this clarification, the court heard testimony and then informed counsel it would issue a written ruling on the motion. In its written order, the trial court discussed the "collective knowledge rule" and granted the motion to suppress because "there was a lack of a reasonable articulable suspicion to stop the vehicle."

> As a matter of course, evidence exclusion is an extreme sanction and one not favored in the law. For this reason, OCGA § 17-5-30 (b) requires a motion to suppress to be in writing and to "state the facts showing that the search and seizure was unlawful. On a motion to suppress, the State is entitled to proper notice of the issue raised or it will be deemed waived. In other words, the suppression motion must be sufficient to put the State on notice as to the type of search [or seizure] involved, which witness to bring to the

---

[1] Under this doctrine, probable cause "can rest upon the collective knowledge of the police when there is some degree of communication between them, instead of the arresting officer alone." (Citation omitted.) *Burgeson v. State*, 267 Ga. 102, 104 (3) (a) (475 SE2d 580) (1996). See also *State v. Dorne*, 88 P3d 780 (Idaho Ct. App. 2004) (officer who stopped defendant at another officer's request did not need to be privy to the underlying information justifying the stop); *State v. Richards*, 588 NW2d 594 (S.D. 1998) (upholding stop of vehicle where officer stopping the vehicle did so at the request of another officer, but was not informed of the reason for the request to stop).

hearing on the motion, and *the legal issues to be resolved at that hearing.*"

(Citations and punctuation omitted; emphasis in original.) *State v. Gomez*, 266 Ga. App. 423, 425 (2) (597 SE2d 509) (2004). In this case, as in *Gomez*, supra, "nothing in the motion to suppress indicated that [Conley] was challenging the legal basis for the traffic stop." Id. Indeed, Conley affirmatively stated both in his motion and at the hearing that he was not challenging the grounds for the stop of his vehicle. Under these circumstances, the trial court erred by granting Conley's motion to suppress on a ground not asserted.

*Judgment reversed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 22, 2005.

*Ralph W. Powell, Jr., Solicitor-General, Donald J. Slider, Assistant Solicitor-General*, for appellant.

*Banks, Stubbs, Neville & Cunat, Rafe Banks III*, for appellee.