## A07A0328. THE STATE v. OWENS.
(646 SE2d 340)

JOHNSON, Presiding Judge.

In this case, the state appeals the trial court's order granting Jenny Owens' motion to suppress contraband found in her home pursuant to a search warrant. To determine whether there is probable cause for a search warrant, the issuing judge must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."[1] When reviewing a trial court's decision on a motion to suppress, this Court's duty is to ensure that there was a substantial basis for the decision; the evidence is construed most favorably to uphold the findings and judgment of the trial court, and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous.[2] Further, since the trial court sits as the trier of fact, its findings are analogous to a jury

---

[7] (Footnote omitted.) Id.

[1] (Citations omitted.) *Duty v. State,* 254 Ga. App. 727 (563 SE2d 558) (2002).

[2] *State v. Burnett,* 220 Ga. App. 133, 133-134 (469 SE2d 324) (1996).

verdict and will not be disturbed if there is any evidence to support them.[3] Here, the trial court correctly determined that omissions of material fact in the affidavit used to obtain the search warrant erroneously led the issuing magistrate to conclude that probable cause existed for the issuance of the search warrant.

1. The record shows that on February 11, 2006, Owens' eight-month-old daughter was taken to the emergency room by a babysitter and found to have high levels of cocaine in her system. Hearsay testimony offered by the investigating officer noted that Owens was not breastfeeding and therefore the cocaine was allegedly ingested. Although the babysitter had the baby for approximately nine hours before she took the baby to the hospital, this fact was not revealed to the issuing magistrate. In fact, the affidavit allows the assumption that the babysitter took the baby to the hospital as soon as she took the baby to her home and noticed the baby's condition. And, the affidavit fails to reveal the fact that the babysitter had previously asked for custody of the baby and still wished to seek custody of the baby. These are material facts that would be highly influential in deciding whether probable cause existed to issue a search warrant and should not have been excluded.

In addition, the officer's affidavit in the present case states that the babysitter and Owens' parents believed Owens was using drugs. However, the affidavit failed to include the fact that the babysitter and the parents did not indicate that they had seen drugs at Owens' residence. And the investigating officer admitted that he did not corroborate any of the information given to him by the babysitter or Owens' parents. "With nothing showing how the informants obtained the information, it might well have been based on casual rumor which cannot establish probable cause."[4] Moreover, nothing in the affidavit compensates for this deficiency by sufficiently corroborating the information. In fact, the investigating officer omits from the affidavit the fact that he visited Owens' residence the day before applying for the search warrant, spent 15-20 minutes examining different rooms at the trailer, and failed to find any evidence of contraband. This is a material omission that would have been detrimental in determining whether probable cause existed to issue a search warrant.

Material information that is excluded from the issuing judge may deny the issuing magistrate the opportunity to accurately assess whether or not probable cause does exist to issue a search warrant.[5] Here, the investigating officer omitted material information from his

[3] Id. at 134.

[4] (Citation omitted.) *Duty*, supra at 728.

[5] See *Robertson v. State*, 236 Ga. App. 68, 69-70 (510 SE2d 914) (1999).

affidavit. In the absence of anything showing the basis for the information provided by the informants, and nothing else sufficiently corroborating the information, there was no substantial basis for concluding that probable cause existed for issuance of the search warrant. The trial court correctly found that there was no substantial basis to find probable cause to issue a search warrant in the present case.

2. The state argues that the trial court erred in finding that Owens' written motion to suppress was sufficient to put the state on notice of the specific grounds of the motion. We again find no error. Owens' motion is entitled "Motion to Suppress Illegally Seized Evidence." While the motion does not state the investigating officer's name, Owens' motion does state the indictment number and the fact that on the specified date, Columbus police officers conducted an illegal search of her property. The motion further states that Columbus police did not have probable cause to believe Owens was engaged in or guilty of any crime. The motion was sufficient to put the state on notice regarding the legal issues to be resolved at the hearing.[6]

Moreover, immediately following the trial court's denial of the state's motion to dismiss Owens' motion to suppress, the state called the Columbus police officer who applied for the search warrant and, based on his testimony, argued to the court that the officer had an articulable suspicion that Owens was actually involved in criminal activity and that the search warrant was properly issued. Accordingly, Owens' motion to suppress was adequate, and we find no error in the denial of the state's motion to dismiss.[7]

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED MAY 11, 2007.

*J. Gray Conger, District Attorney, LaRae D. Moore, Assistant District Attorney*, for appellant.
*Melvin E. Cooper*, for appellee.

---

[6] See *Lavelle v. State*, 250 Ga. 224, 227 (3) (297 SE2d 234) (1982).
[7] See *State v. Goodman*, 220 Ga. App. 169, 170 (1) (469 SE2d 327) (1996).