## A07A0981. THE STATE v. DAVIS.
(653 SE2d 311)

MILLER, Judge.

After police officers searched her residence pursuant to a warrant, Amber Noell Davis was charged with possession of marijuana with intent to distribute in violation of the Georgia Controlled Substances Act, OCGA § 16-13-30 (j). Following a hearing, the trial court granted Davis' motion to suppress the evidence seized in the search, and the State appeals. Finding that the trial court's suppression of the evidence was error, we reverse.

"We will not disturb the trial court's order on a motion to suppress if there is any evidence to support it, and we construe all evidence presented in favor of the trial court's findings and judgment." *McDaniel v. State*, 263 Ga. App. 625, 626-627 (1) (588 SE2d 812) (2003). Where, as here, the evidence was undisputed at the suppression hearing and there is no question as to the credibility of the witnesses, our review of the trial court's application of the law to the undisputed facts is de novo. *Daniel v. State*, 277 Ga. 840, 849 (5) (597 SE2d 116) (2004).

The record shows that in early January 2006, officers with the Athens-Clarke County Police Department observed a car parked in front of a duplex with addresses at 2855 and 2857 Cherokee Road in Athens. The officers recognized the car as one from which marijuana had been seized in October 2005, resulting in the arrest of Kenyada Campbell.

Based on the presence of the foregoing vehicle, the officers initiated surveillance of the duplex, and on January 31, 2006, the officers seized six bags of trash from a garbage can placed on Cherokee Road in front of the duplex. In one of those bags, the officers discovered plastic wrap with residue that tested positive for marijuana as well as numerous documents addressed to Davis at 2855 Cherokee Road. The trash bag containing the marijuana residue did not contain documents addressed to any other person.

On February 3, 2006, one of the police officers submitted an application, which included a supporting affidavit, to secure a search warrant for Davis' residence. The magistrate court granted that application on the same day, and a search of the residence was conducted on February 8, 2006. The search resulted in the discovery of a black trash bag containing marijuana residue, five boxes of plastic bags, and $10,000 in cash. Davis filed a motion to suppress the evidence seized in the search. Following a hearing, the trial court granted her motion, and this appeal followed.

"A search warrant must be supported by probable cause, or reasonable grounds, to believe that evidence of a crime will be found in a particular place." (Punctuation and footnote omitted.) *Craft v.*

*State*, 252 Ga. App. 834, 846 (4) (558 SE2d 18) (2001). The Supreme Court of Georgia has pointed out that "[b]y no means is probable cause to be equated with proof by even so much as a preponderance of evidence." *State v. Stephens*, 252 Ga. 181, 184 (311 SE2d 823) (1984). Instead, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . , there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. at 182.

Here, the affidavit submitted to the magistrate explained that the officers were conducting surveillance of the duplex based on the presence of the car recognized as having been previously involved in a marijuana transaction. The affidavit stated that the officers observed that several bags of trash had been placed in a garbage can on the street in front of the duplex on January 31, 2006, and that the officers knew from their surveillance of the duplex that such day was the weekly trash pickup day for the duplex. The affidavit described how each of the trash bags was tied off tightly at the top and how one of the bags was found to contain recently dated documents with Davis' name and address as well as "a large piece of Saran-wrap-type plastic that appeared to have been cut from around a block shaped object. The interior of this plastic contained green leafy material [that tested] positive for marijuana." Finally, the affidavit stated that based on the officer's previous training and experience (which, as described elsewhere in the affidavit, included five years as a member of the Athens-Clarke County Police Department Special Operations Unit and as an investigator assigned to its drug and vice unit), "the size of the marijuana contained inside this Saran-wrap-type plastic is indicative of possessing marijuana for distribution."

While the trial court expressed concern that the presence of the suspicious car in front of the duplex could not be tied directly to Davis' residence because the duplex contained more than one residence, no demonstrable connection between that car and Davis was required to be shown to support the issuance of the search warrant. Reference to the car "merely explained how the [officers] came to place [the duplex] under surveillance and check out the garbage." *Butler v. State*, 192 Ga. App. 710, 712 (1) (386 SE2d 371) (1989) (holding that contents of garbage, which included small amount of marijuana, provided substantial basis for concluding that probable cause existed to justify the issuance of a search warrant).

Like in *Butler*, the contents of the defendant's garbage provided a substantial basis for concluding that probable cause existed to justify the issuance of a search warrant for Davis' residence. The documents containing Davis' name and address linked the contents of the trash bag to her; the recent date on some of those documents (as

well as the officer's surveillance of the duplex's garbage cans) served as evidence that the contents of the trash bag had recently been in Davis' possession; and the plastic wrap containing marijuana residue (as well as the officer's opinion that such plastic wrap had contained a block-shaped object indicative of marijuana packaged for distribution) all could be considered by the magistrate in making his "common-sense decision" that there was a "fair probability that contraband or evidence of a crime" would be found in Davis' residence. *Stephens*, supra, 252 Ga. at 184.

In reviewing a magistrate's decision to issue a search warrant, it is the duty of a reviewing court "to determine if the magistrate had a substantial basis for concluding that probable cause existed and to give substantial deference to the magistrate's finding." (Footnote omitted.) *Craft*, supra, 252 Ga. App. at 846 (4). Given that the magistrate had such a substantial basis in this case, the trial court erred in granting Davis' motion to suppress.

*Judgment reversed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED SEPTEMBER 26, 2007 —
RECONSIDERATION DENIED NOVEMBER 1, 2007.

*Kenneth W. Mauldin, District Attorney, Lorna S. Sylvester, James V. Chafin, Assistant District Attorneys*, for appellant.
*James W. Smith, Alice A. Button*, for appellee.