## A07A2332. THE STATE v. PALMER.
(661 SE2d 146)

RUFFIN, Judge.

The State appeals the trial court's grant of David Palmer's motion to suppress drugs and other evidence seized during the execution of a search warrant at Palmer's residence. For reasons that follow, we affirm.

The State contends that we should apply a de novo standard of review. But "where, as here, the credibility of the officer is outcome-determinative," we are required to apply the following principles:

> [f]irst, the judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to . . . upholding . . . the trial court's findings and judgment.[1]

Viewed in this light, the evidence shows that a confidential informant advised the City of Atlanta Police Department that two males, one of whom was possibly in a wheelchair, were selling crack cocaine out of a particular apartment. The informant — who had a criminal record, had assisted police with drug arrests on three or four previous occasions, but had never participated in a controlled buy — offered to purchase cocaine from the individuals while under surveillance.

After searching the informant to make sure he did not have any drugs, the police gave him city-issued funds to buy cocaine. The

---

[1] *State v. Brown*, 278 Ga. App. 457, 459-460 (629 SE2d 123) (2006).

158

police then watched the informant approach the building, enter Palmer's apartment, and then exit after 15 to 30 seconds. The police recovered approximately one gram of cocaine from the informant, who advised that he had purchased it from a man in a wheelchair in the apartment. While conducting surveillance the following day, the authorities observed multiple people enter the apartment and then leave after less than a minute.

In his affidavit provided in support of a search warrant application, Officer Ries stated that a "reliable informant advised that there is a . . . male that goes by the nickname of 'Pop' and 'Cowboy' inside [the] apartment that may be in a wheelchair and has medium to dark skin. This individual is the possible renter of the apartment."[2] The affidavit did not disclose that the informant had a criminal record or his history of assisting the police in drug arrests, but merely stated that he was "reliable," without any facts to support the characterization.[3] The affidavit then described the controlled buy, including the cocaine seized, and the surveillance the following day. The magistrate signed a no-knock warrant, the police executed it, seizing crack cocaine, marijuana, electronic scales, bags, and $2,905 in cash from the apartment, and Palmer was arrested.

Palmer moved to suppress the evidence seized, arguing that the information provided to the magistrate lacked reliability, and thus did not provide sufficient probable cause to support the search warrant. At the suppression hearing, the State presented the testimony of Officer Ries. Following the hearing, the trial court denied the motion, stating that

> [t]he lack of evidence of the reliability of the informant does cause the [c]ourt concern; however, as the evidence shows, the basis of the search was also based on a controlled buy from the residence. The controlled buy supports the issuance of the warrant and causes this [c]ourt to deny the [m]otion to [s]uppress.

Thereafter, Palmer filed a motion for reconsideration, and after hearing additional oral argument, the trial court reversed its earlier ruling and granted the motion to suppress.[4]

Palmer argued before the trial court that suppression of the evidence was required because Ries did not provide sufficient infor-

---

[2]  Notably, the warrant did not state that the "reliable informant" gave the police any information regarding the sale of drugs at the residence before the controlled buy.

[3]  At the suppression hearing, Ries testified that he did not provide the magistrate with any information other than that included in the affidavit.

[4]  There was no additional evidence presented at the second hearing.

mation in his affidavit to permit the magistrate to determine the reliability of the confidential informant. Specifically, he alleges that Ries omitted relevant information, including that the informant had a criminal history, that Ries had no personal knowledge regarding the informant's previous assistance to the police, and that the informant had never participated in a controlled buy. "Veracity and basis of knowledge are still major considerations in the probable cause analysis, and . . . an affidavit submitted in support of a search warrant must set forth sufficient facts from which the magistrate or judge can independently determine the reliability of both the information and the informant."[5] Thus, "officers seeking warrants should provide the magistrate with any information they have relevant to a . . . confidential informant's . . . reliability or motivation, including criminal records."[6] The omission of such information can, in certain circumstances, warrant suppression of evidence, unless there is sufficient independent corroboration of criminal activity to support the magistrate's finding of probable cause.[7]

On appeal, the State contends that notwithstanding Ries's omissions regarding the informant's reliability, the controlled buy and resulting physical evidence provided independent corroboration sufficient to establish probable cause. But while such evidence may have authorized a finding of probable cause, the trial court did not err in concluding to the contrary.

In reviewing a ruling on a motion to suppress, "[o]ur standard of review is highly deferential."[8] It is well settled that

[t]he credibility of the witnesses and the weight to be accorded their testimony rest with the trier of fact, who is under no obligation to believe a witness, even in the absence of contradictory testimony. The factfinder may accept part of a witness' testimony and reject another part, and *in the absence of evidence of record demanding a finding contrary to the judge's determination, [we] will not reverse the ruling sustaining a motion to suppress.*[9]

When a defendant moves to suppress evidence based on an illegal search, the State bears the burden of proving that the search was lawful.[10] Having reviewed the evidence presented at the suppression

---

[5] *Clemons v. State*, 257 Ga. App. 96, 99 (1) (574 SE2d 535) (2002).

[6] Id.

[7] See id.

[8] *State v. Fulghum*, 288 Ga. App. 746, 747 (655 SE2d 321) (2007).

[9] (Emphasis supplied.) *State v. McKinney*, 276 Ga. App. 69, 74 (1) (622 SE2d 429) (2005).

[10] See *State v. King*, 287 Ga. App. 680, 682 (652 SE2d 574) (2007).

160

hearing, we cannot say that it *demanded* a conclusion that the search warrant was supported by probable cause.

Ries admitted that he failed to give the magistrate salient information regarding the reliability of the informant, including that he had a criminal record. He also conceded that his search of the informant before the controlled buy, while thorough, was not exhaustive and was conducted outside, at night, with a flashlight. Ries further admitted that he did not have any knowledge regarding the relationship between the informant and Palmer, if any, including whether there was animosity between the two. The police could neither see nor hear what occurred inside Palmer's apartment, including the purported drug exchange. Finally, the police did not find the city-issued money they provided for the controlled buy when they executed the search warrant at Palmer's home.

The dissent concludes that our deference to the trial court as to witness credibility is improper. However, this is not text-true, as it is axiomatic that — notwithstanding the trial court's obligation to give proper deference to the magistrate's finding of probable cause — in reviewing the trial court's grant of a motion to suppress we are *required* to defer to the trial court's findings as to disputed facts and credibility, unless clearly erroneous.[11] Contrary to the position of the dissent, this standard of review applies even to those cases where the trial court grants a motion to suppress evidence obtained during the execution of a search warrant issued from a neutral magistrate.[12]

We note that the dissent quotes *Houston v. State*,[13] properly stating that "the trial court must pay substantial deference to the magistrate's finding of probable cause."[14] However, the dissent omits the remainder of the quotation in which we directed that "[o]n appeal, we construe the evidence in favor of the *trial court's* findings, which we will not disturb if there is any evidence to support them."[15]

The procedural posture of the instant case exemplifies the rationale for this standard of review. The magistrate here merely reviewed the affidavit provided by the officer in support of the warrant. It was the trial court that heard Officer Ries's testimony — and observed his demeanor — and was fully informed of all of the

---

[11] See *Rushing v. State*, 271 Ga. 102, 104 (1) (515 SE2d 607) (1999); *Bryant v. State*, 268 Ga. 616, 618 (6) (491 SE2d 320) (1997); *Houston v. State*, 242 Ga. App. 114 (527 SE2d 619) (2000).

[12] See *State v. Owens*, 285 Ga. App. 370, 370-372 (1) (646 SE2d 340) (2007).

[13] Supra.

[14] Id. at 115 (1).

[15] (Emphasis supplied.) Id.

material information regarding the informant. Thus, we properly defer to the trial court's factual conclusions and credibility determinations.

As we have previously stated,

> [w]e cannot, and will not, usurp the authority of the trial judge to consider such factors as demeanor and other credibility-related evidence in reaching its decision. We reiterate that we are a court for the correction of errors of law and cannot draw a different inference from the evidence or make a credibility determination contrary to the one made by the trial court.[16]

We find no reversible error with regard to the grant of Palmer's motion to suppress.[17]

*Judgment affirmed. Barnes, C. J., Blackburn, P. J., and Miller, J., concur. Andrews, P. J., Smith, P. J., and Bernes, J., dissent.*

BERNES, Judge, dissenting.

In light of the substantial deference that must be accorded a magistrate's finding of probable cause, and given the evidence of a controlled buy supporting the issuance of the search warrant, I believe the trial court erred in granting Palmer's motion to suppress. I further believe the majority has unjustifiably assumed that the trial court predicated its decision on a finding that the affiant officer was not credible. Therefore, I respectfully dissent.

It is not necessary that a police officer's affidavit submitted as part of a search warrant application "show the existence of the [accused's] guilt beyond a reasonable doubt." *Dale v. State*, 198 Ga. App. 479, 480 (3) (402 SE2d 90) (1991). Rather, in determining whether probable cause exists for the issuance of a search warrant, "the task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, there is a fair probability that contraband or evidence of a crime will be found in a particular place." (Citation and punctuation omitted.) *State v. Davis*, 288 Ga. App. 164, 165 (653 SE2d 311) (2007). In turn, the trial court's duty in reviewing the magistrate's issuance of a search warrant is limited to deciding whether "the magistrate had a substantial basis for concluding that probable cause existed." *Houston v. State*, 242 Ga. App. 114, 115 (1) (527 SE2d 619) (2000). In doing so, the trial court's review of the magistrate's decision is not de novo; instead, "the trial

---

[16] *Brown*, supra at 461.
[17] See id.; *McKinney*, supra at 71-74.

court must pay substantial deference to the magistrate's finding of probable cause" and interpret all inferences in favor of the magistrate's decision. (Footnote omitted.) Id. See *Illinois v. Gates*, 462 U. S. 213, 236 (III) (103 SC 2317, 76 LE2d 527) (1983); *Roberson v. State*, 246 Ga. App. 534, 537 (1) (540 SE2d 688) (2000). Furthermore, as a reviewing court of the magistrate's finding of probable cause, the trial court must pay special heed to the following admonition:

> A grudging or negative attitude by reviewing courts toward warrants[ ] is inconsistent both with the desire to encourage use of the warrant process by police officers and with the recognition that once a warrant has been obtained, intrusion upon interests protected by the Fourth Amendment is less severe than otherwise may be the case. A deferential standard of review is appropriate to further the Fourth Amendment's strong preference for searches conducted pursuant to a warrant. Although in a particular case it may not be easy to determine when an affidavit demonstrates the existence of probable cause, the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants.

(Citations and punctuation omitted.) *State v. Henderson*, 271 Ga. 264, 269-270 (4) (517 SE2d 61) (1999).

Based on these principles, I believe that the trial court failed to show proper deference to the magistrate's finding of probable cause and thus erred in concluding that the magistrate court lacked a substantial basis for the issuance of the search warrant for Palmer's residence. It is true that Officer Ries omitted from his affidavit certain information that went to the informant's reliability.[18] "We have held, however, that the omission of information does not automatically warrant [the] suppression of evidence." (Citation and footnote omitted.) *Clemons v. State*, 257 Ga. App. 96, 100 (1) (574 SE2d 535) (2002). When there is an omission, the proper test is whether, even if the information had been included in the affidavit, "there was still sufficient evidence for the magistrate to determine that the informant was reliable and that probable cause existed." *Kessler v. State*, 221 Ga. App. 368, 371 (471 SE2d 313) (1996). See also *Starks v. State*, 240 Ga. App. 346, 348 (1) (523 SE2d 397) (1999); *Gremillion v. State*, 233 Ga. App. 393, 395 (1) (504 SE2d 265) (1998). There clearly was in this case.

As noted by the majority, Officer Ries' affidavit described a

---

[18] Officer Ries omitted both the fact that he had used the informant on prior occasions and the fact that the informant had a criminal history.

controlled buy that was conducted at Palmer's residence using the informant. And, we have repeatedly held that where a magistrate is presented with an affidavit in which a police officer describes his observations of a controlled buy involving an informant — where the officer avers that the informant was searched before and after the buy, that the informant's entry into and exit from the purchase site was constantly observed, and that the informant returned with drug contraband[19] — the officer's observations, standing alone, authorize the magistrate to find that the informant is reliable and that probable cause exists for issuance of the search warrant.[20] See, e.g., *Ibekilo v. State*, 277 Ga. App. 384, 385 (1) (626 SE2d 592) (2006); *Browner v. State*, 265 Ga. App. 788, 790-791 (1) (595 SE2d 610) (2004); *Turner v. State*, 247 Ga. App. 775, 779 (4) (544 SE2d 765) (2001); *Brown v. State*, 244 Ga. App. 440, 441-442 (1) (535 SE2d 785) (2000); *Starks*, 240 Ga. App. at 347-348 (1); *Lewis v. State*, 234 Ga. App. 873, 875 (1) (a) (508 SE2d 218) (1998); *Dale*, 198 Ga. App. at 480 (3). Here, moreover, the informant's reliability was further corroborated by the officers' surveillance of Palmer's residence the day following the controlled buy, when they observed a "constant rotation" of individuals entering and exiting the residence for less than a minute apiece. Under these circumstances, despite the omissions from Officer Ries' affidavit, there still was sufficient evidence for the magistrate "to reach the practical, common-sense conclusion that there was a fair probability" of drugs being bought and sold at Palmer's residence, particularly since all possible inferences must be interpreted in the light most favorable to the magistrate's decision. (Citation omitted.) *Lyons v. State*, 282 Ga. 588, 593 (2) (652 SE2d 525) (2007).

The prior issuance of a search warrant by a neutral magistrate changes the applicable framework of review. When information reflecting negatively on the credibility and reliability of an informant is omitted from the affidavit submitted to a magistrate, the role of the trial court, *as a reviewing court*, is to answer the deferential question of whether, in light of the omitted evidence, the magistrate still could have found that the informant was reliable and that

---

[19] Officer Ries' affidavit contained these averments. At the suppression hearing, Officer Ries elaborated that the search of the informant was a "complete search of his person," which included going through the informant's clothes and shoes and searching underneath his underwear and in between his buttocks. Officer Ries also noted that the informant was inside Palmer's residence, and thus out of sight, for only 15 to 30 seconds.

[20] The fact that the officers, of course, do not actually observe the informant making the drug purchase inside the accused's residence does not change the fact that probable cause exists. See *McKenzie v. State*, 208 Ga. App. 683, 685 (1) (431 SE2d 715) (1993). Indeed, that is why a controlled buy is conducted in the first place, since the officers cannot otherwise gain access to the accused's alleged place of sale.

probable cause existed. See *Kessler*, 221 Ga. App. at 371. It follows that if there is conflicting evidence concerning the informant's reliability, the trial court should resolve the conflict in favor of the magistrate's issuance of the warrant. See, e.g., *Lyons*, 282 Ga. at 592 (2) (reviewing courts must resolve "even doubtful cases . . . in favor of upholding [the] warrant") (citation omitted); *Roberson*, 246 Ga. App. at 537 (1) (noting that "all inferences [should be drawn] in favor of supporting the magistrate's decision rather than undoing it"). Under this deferential standard, and given the case law discussed above, it is clear that the magistrate in the present case still was entitled to find that the informant was reliable and that probable cause existed, despite the omissions from Officer Ries' affidavit. The trial court therefore erred in granting Palmer's motion to suppress.

In reaching the opposite result, the majority assumes that the trial court found that Officer Ries, the affiant, was not credible and deems this alleged conclusion "outcome-determinative." However, given the presumption that a warrant affidavit is valid, and where, as here, the state introduces the warrant and affidavit at the suppression hearing, the veracity of the affiant can be successfully impeached only if the defendant alleges and produces evidence that the affiant deliberately misled the magistrate or acted with reckless disregard for the truth. See *Franks v. Delaware*, 438 U. S. 154, 171 (IV) (98 SC 2674, 57 LE2d 667) (1978); *Davis v. State of Ga.*, 256 Ga. App. 299, 303 (1) (568 SE2d 161) (2002).[21] Yet, in his motion to suppress and brief in support, in his motion for reconsideration, and in oral argument at the hearings on the two motions, Palmer never once alleged that Officer Ries deliberately misled the magistrate or acted with reckless disregard for the truth. Rather, his exclusive focus in all of the pleadings and during oral argument was on the reliability of the *informant*. The trial court is not entitled to grant a motion to suppress on a ground never urged by the defendant and we should not presume that it did so. See *Young v. State*, 282 Ga. 735, 736 (653 SE2d 725) (2007); *State v. Conley*, 273 Ga. App. 855 (616 SE2d 174) (2005). Accordingly, I can only conclude that the trial court failed to appropriately defer to the magistrate's finding of probable cause and erred in granting Palmer's motion to suppress. See *State v. Hunter*, 282 Ga. 278 (646 SE2d 465) (2007).

I am authorized to state that Presiding Judge Andrews and Presiding Judge Smith join in this dissent.

---

[21] While the burden of persuasion always remains with the state to prove the lawfulness of the warrant, the burden of production shifts to the defendant once the state introduces the warrant and supporting affidavit. See *Watts v. State*, 274 Ga. 373, 375-376 (2) (552 SE2d 823) (2001); *Davis v. State*, 266 Ga. 212, 213 (465 SE2d 438) (1996); *Davis*, 256 Ga. App. at 303 (1).

DECIDED MARCH 13, 2008 —
RECONSIDERATION DENIED APRIL 14, 2008 ▮

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellant.
*Thomas J. Ford III*, for appellee.