A08A0979. SPAETH v. THE STATE.
(667 SE2d 449)

RUFFIN, Presiding Judge.

Following a bench trial, Stephanie Spaeth was found guilty of trafficking in methamphetamine and possession of controlled substances. Spaeth appeals the trial court's denial of her motion to

suppress evidence found in her home after the execution of a search warrant. For reasons that follow, we affirm.

In reviewing a ruling on a motion to suppress, "we construe the evidence most favorably to uphold the findings and judgment of the trial court, and the court's findings on disputed facts and witness credibility will be adopted unless they are clearly erroneous."[1] We conduct a de novo review of the trial court's application of the law to the facts if the evidence is not in dispute and no question of witness credibility is presented.[2] The record shows that in August 2005, Officer Godfrey of the Gwinnett County Police Department received information about illegal drug sales from a confidential informant. The informant told Officer Godfrey that if he gave money to Jonathan Glover, Glover would obtain methamphetamine from someone named Stephanie who lived near Highway 29. Officer Godfrey searched the informant and his vehicle for drugs, money, and weapons. He then gave the informant marked money and followed him to a house in Loganville. Soon after the informant entered the house, two other men left the house in a vehicle. The driver was identified as Jonathan Glover. The men went to a CVS store, where the passenger exited the vehicle, and then Glover continued on to a house on Lester Road, which was 2/10ths of a mile from Highway 29. A vehicle registered to Stephanie Spaeth was parked in the driveway. When Glover left the Lester Road house, he returned to CVS and picked up his passenger. He was then stopped by Gwinnett County Police, who found methamphetamine in an amount consistent with the money given to the informant in the vehicle.

In his application and affidavit for the issuance of a search warrant for the Lester Road house, Officer Godfrey set out these facts, but incorrectly stated that the vehicle driven by Glover had made no stops. The magistrate, relying solely on the affidavit, issued a search warrant for the Lester Road house. Spaeth was subsequently arrested and charged with trafficking in methamphetamine and possession of controlled substances. At the hearing on Spaeth's motion to suppress the evidence found during the search of her house, Officer Godfrey testified that in his affidavit he mistakenly omitted that Glover had dropped off a passenger at CVS before going to Spaeth's house and had picked up the passenger before they were stopped by police. He also testified that the informant had a pending criminal case at the time he supplied information to police in this case, although this information was not contained in his affidavit.

---

[1] *Campbell v. State*, 263 Ga. App. 755 (589 SE2d 313) (2003).

[2] See *State v. Davis*, 288 Ga. App. 164 (653 SE2d 311) (2007).

The trial court denied Spaeth's motion to suppress, and she was found guilty of both counts.

On appeal, Spaeth argues that the trial court erred in denying her motion to suppress because Officer Godfrey's affidavit did not establish probable cause for the issuance of a search warrant. Specifically, she contends that the affidavit: failed to establish the reliability of the confidential informant; failed to establish corroboration of the unreliable informant's information; and contained "false and material misrepresentations."

> In deciding whether an affidavit creates sufficient probable cause for the issuance of a warrant, the issuing magistrate or judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed.[3]

Accordingly, "[w]e look to the totality of the circumstances in evaluating the legality of a search warrant."[4]

The State concedes that Officer Godfrey's affidavit did not establish the reliability of the informant. But even when a magistrate has no basis upon which to determine an informant's veracity, "a tip may be proved reliable if portions of the tip are sufficiently corroborated."[5] In order for corroboration to establish an informant's reliability, the corroboration should either predict future behavior or involve inside information not available to the general public.[6] Here, the informant's tip was sufficiently corroborated by his predictions of future behavior: that he would give the money to Jonathan Glover, who would drive to a house near Highway 29, obtain methamphetamine from a woman named Stephanie, and return with drugs.[7] The police witnessed Glover leave a meeting with the informant and drive to a house near Highway 29, and, after he left that house, they found methamphetamine in his possession in an amount consistent with the money given to the informant. The

---

[3] *Rocha v. State*, 284 Ga. App. 852 (644 SE2d 921) (2007).

[4] *State v. Cochran*, 275 Ga. App. 185, 186 (1) (620 SE2d 444) (2005).

[5] (Punctuation omitted.) *Bragg v. State*, 249 Ga. App. 430, 432 (2) (548 SE2d 121) (2001).

[6] See *Bain v. State*, 258 Ga. App. 440, 443-444 (1) (b) (574 SE2d 590) (2002).

[7] See *Bragg*, supra; *Cochran*, supra at 187; *Tran v. State*, 246 Ga. App. 153, 156-157 (2) (539 SE2d 862) (2000).

police confirmed that a car parked at the house belonged to Stephanie Spaeth.

We must consider, however, whether the false information in Officer Godfrey's affidavit renders it insufficient to support a finding of probable cause. In his affidavit, Officer Godfrey stated that Glover's "vehicle did [not] make any stops on the way" to Spaeth's residence. At the suppression hearing, however, he testified that Glover's passenger exited the vehicle at a CVS store before Glover went to Spaeth's residence. Glover returned and picked up the passenger at CVS before his vehicle was stopped and drugs discovered in it. Spaeth argues that, if these facts had been presented to the magistrate, no warrant would have been issued, because the methamphetamine could have been obtained by the passenger while at the CVS. If false information is included in an affidavit supporting a search warrant, or if material information is omitted, "the false statements must be deleted, the omitted truthful material must be included, and the affidavit must be reexamined to determine whether probable cause exists to issue a warrant."[8]

After hearing testimony from Officer Godfrey, the trial court concluded that the deletion of the false statement and the inclusion of the omitted information did not change the determination that probable cause existed to issue a warrant. Here, police confirmed the informant's prediction that Glover would drive to a house near Highway 29 and purchase methamphetamine from a woman named Stephanie. While the interim stops at CVS were certainly relevant to the determination of probable cause, we cannot say that the inclusion of that information demanded a conclusion that the search warrant was not supported by probable cause.[9] And the failure of Officer Godfrey to state that the informant had pending criminal charges does not require a different result.[10] Given the totality of the circumstances, we affirm the trial court's denial of Spaeth's motion to suppress.[11]

*Judgment affirmed. Andrews and Bernes, JJ., concur.*

DECIDED SEPTEMBER 19, 2008 — 

*Lyle K. Porter*, for appellant.

---

[8] (Punctuation omitted.) *Moss v. State*, 275 Ga. 96, 102-103 (13) (561 SE2d 382) (2002).

[9] See *State v. Palmer*, 291 Ga. App. 157, 159 (661 SE2d 146) (2008) (standard of review for trial court's ruling on motion to suppress is " 'highly deferential' ").

[10] See *Campbell*, supra at 756; *Brown v. State*, 244 Ga. App. 440, 441-442 (1) (535 SE2d 785) (2000).

[11] See *Bragg*, supra; *Evans v. State*, 263 Ga. App. 572, 576 (588 SE2d 764) (2003).

*Daniel J. Porter, District Attorney, Benjamin M. First, Assistant District Attorney*, for appellee.