## A07A2332. THE STATE v. PALMER.
(683 SE2d 858)

DOYLE, Judge.

In *State v. Palmer*,[1] we affirmed the trial court's order granting David Palmer's motion to suppress evidence seized during the execution of a search warrant at his residence. The Supreme Court of Georgia vacated our opinion and remanded the case for reconsideration of the grant of the motion to suppress "to determine if the magistrate had a 'substantial basis' for concluding that probable cause existed to issue the search warrant," under

> the well-established principles that the trial court's findings as to disputed facts will be upheld unless clearly erroneous and the trial court's application of the law to undisputed facts is subject to de novo review, keeping in mind that a magistrate's decision to issue a search warrant based on a finding of probable cause is entitled to substantial deference by a reviewing court.[2]

In Georgia,

> [i]f a court determines that an affidavit submitted contains material misrepresentations or omissions, the false statements must be deleted, the omitted truthful material must

---

[1] 291 Ga. App. 157 (661 SE2d 146) (2008).

[2] (Citation and punctuation omitted.) *State v. Palmer*, 285 Ga. 75, 78 (673 SE2d 237) (2009).

be included, and the affidavit must be reexamined to determine whether probable cause exists to issue a warrant. Even doubtful cases should be resolved in favor of upholding a magistrate's determination that a warrant is proper.[3]

In the present case, the relevant facts are set forth in the Supreme Court's decision.

Officer Ries applied for a warrant to search Palmer's apartment to obtain evidence of illegal possession of cocaine. In support of his application, the officer provided the issuing magistrate with an affidavit swearing that he was advised by a "reliable" confidential informant (CI) that a violation of the Georgia Controlled Substances Act was taking place inside the apartment and he described a possible perpetrator as an African-American male thought to be the renter who goes by the name of "Pop" and "Cowboy" and who may be in a wheelchair. The affidavit further specified that Officer Ries and his partner, Officer Gonzalez, arranged for the CI to conduct a controlled purchase of crack cocaine from the apartment; the CI was searched for drugs prior to his entry into the apartment and was found to be "clean"; Officer Ries provided the CI with city-issued funds; Officer Gonzalez observed the CI approach Palmer's apartment, knock on the door and enter; the CI was in the apartment for approximately 30 seconds; and upon exiting the apartment, the CI turned over to Officer Ries a quantity of crack cocaine that he had purchased from a man in a wheelchair known as "Pop." Officer Ries further averred that the area in question is notorious for the sale, use and possession of illegal narcotics; that he had made numerous prior drug-related arrests from this location; and that he is aware of drug-related arrests made directly in front of the building for which the warrant is sought. Finally, Officer Ries averred that after the controlled buy, further surveillance of Palmer's residence was conducted during which officers observed several individuals enter, stay for less than one minute, and then leave the apartment complex; this led Officer Ries to believe that narcotics were being sold from that location. Based on the foregoing information, the magistrate issued a search war-

---

[3] (Citation and punctuation omitted.) *Sullivan v. State*, 284 Ga. 358, 361 (2) (667 SE2d 32) (2008).

rant, which was executed the following day. As a result of the search, officers seized crack cocaine, marijuana, cash, electronic scales and small pink glassine bags from the apartment. Palmer was arrested and charged with trafficking in cocaine and misdemeanor possession of marijuana.

Palmer moved to suppress the evidence asserting that the affidavit represented the CI as "reliable," but contained no facts in support of that conclusion,[4] and that, therefore, the warrant was invalid because the affidavit on which it was based was insufficient to establish probable cause. Following a hearing at which Officer Ries testified, the trial court denied the motion to suppress, stating merely: "The lack of evidence of the reliability of the informant does cause the court concern; however, as the evidence shows, the basis of the search was based on a controlled buy from the residence. The controlled buy does support the issuance of the warrant and causes this court to deny the motion to suppress." Palmer moved for reconsideration. After hearing additional argument, the trial court reversed its initial ruling and granted the motion to suppress without explanation.[5]

Given the deference owed to the magistrate's decision to issue the search warrant, we conclude that Officer Ries's affidavit describing his observations of the controlled buy was sufficient to establish probable cause, even if we include the omitted information regarding the CI's background.[6] Thus, the trial court erred in granting Palmer's motion to suppress.[7]

*Judgment reversed. Miller, C. J., Andrews, P. J., Blackburn, P. J., Smith, P. J., Barnes and Bernes, JJ., concur.*

DECIDED AUGUST 20, 2009.

---

[4] Palmer further maintained that the warrant was deficient because Officer Ries failed to disclose to the magistrate that the CI had a criminal record. See *State v. Palmer*, 285 Ga. at 78.

[5] Id. at 76-77.

[6] See *Carter v. State*, 283 Ga. 76, 77-78 (2) (656 SE2d 524) (2008); *Roberts v. State*, 282 Ga. 548, 549 (3) (651 SE2d 689) (2007) (probable cause for search of an apartment established where magistrate was informed that an eyewitness observed persons involved in the crime enter and exit the residence); *Ibekilo v. State*, 277 Ga. App. 384, 385 (1) (626 SE2d 592) (2006) (" 'even if the informant had no known credibility, the controlled buy conducted under the observation of the officer alone, would have been sufficient to establish probable cause' ").

[7] See *State v. Alvin*, 296 Ga. App. 402, 404 (674 SE2d 348) (2009); *State v. Davis*, 288 Ga. App. 164, 166 (653 SE2d 311) (2007).

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellant.
*Thomas J. Ford III*, for appellee.